# RALPH FORESTER v. STATE.

No. A-5566. Opinion Filed Jan. 29, 1927.
(252 Pac. 861.)

E. L. Mitchell and Meacham & Meacham, for plaintiff in error.

George F. Short, Atty. Gen., and Houston B. Tee- hee, Asst. Atty. Gen., for the State.

DOYLE, P. J.  In the information in this case, appellant, Ralph Forester, and Pearl Forester were jointly charged with the crime of murder, alleged to have been committed in Custer county, on or about the 26th day of May, 1924, by killing one Oakley Sturgis. A severance was granted, and upon his separate trial appellant, Ralph Forester, was found guilty of murder and his punishment fixed at confinement for life at hard labor.

Motion for new trial was duly filed and overruled. From the judgment rendered in pursuance of the verdict, he appeals.

The errors assigned as grounds of reversal are that

the jury were guilty of misconduct, in that they separated while the case was being tried, and also after the same was submitted; that the county attorney was guilty of misconduct in the trial; and that the verdict was the result of passion and prejudice.

The material facts in the case, as disclosed by the record, may be briefly stated as follows:

It appears that Ralph Forester and his brother, Pearl Forester, were going about the city of Clinton, making threats that they were going to get some one that night; that about 8 o'clock they went to the Armstrong garage and tried to rent a car, and exhibited an automatic pistol; from there they went to the Hugh White garage and rented a Ford coupe, then they drove the car up the street and passing a car occupied by Harold Frans, his sister, Glessie Frans, Lowe Lorence, Charley Cook, and Ted Sturgis, a brother of deceased, they crowded the Frans car against the curb. The testimony of the occupants of the car is, in substance, that the defendants used vile language, appellant having a knife in his hand and his brother holding an automatic pistol; that they commanded the party to follow them out into the country, and started on; that Harold Frans drove his car, occupied by other young people by the city hall, and stopped and asked a man where he could find an officer, then drove on about two blocks, stopping in front of the Dell West store. Oakley Sturgis, a young man, had returned from California two days before and was visiting his parents who lived over the Dell West store; he was standing in front of the store when Harold Frans stopped his car in the street; one of the parties called to him to come over, and he walked up near to the car and placed his foot on the running board; just then the Forester boys drove alongside. Glessie Frans left her

brother's car and entered the car with the Forester boys. Appellant uttered an oath and wanted to know who Oakley Sturgis was; decedent said, "What do you mean?" and appellant stabbed him with a knife. The blade entered the left side between the fourth and fifth ribs, near the heart. The wound resulted in his death about 36 hours later. Each of the occupants of the car testified that the assault was unprovoked in any way.

Appellant, as a witness in his own behalf, testified that with his brother, Pearl, he went about 8 o'clock that evening to rent a Buick car at Armstrong's garage, in Clinton; that they did not have a Buick, and he said to his brother, "Let's go and get one from Hugh White"; then they went to White's and rented a Ford sedan that was parked in front of the Hawk Hotel; that his brother was going to take him out to Bob Meacham's, and drove down the street; about that time the Frans car came along, and Miss Frans called out, "We want to see you boys out of town"; Mr. Frans pulled into the curb, and as his brother stopped the back ends of both cars came together. Harold Frans said, "You accuse us of stealing your whisky"; his brother, Pearl, said "I don't doubt it a bit but what you did." He denied having pulled his knife, and denied that his brother pulled an automatic pistol, that his brother drove on up the street then drove back and found the other car parked in the middle of the street, that they stopped alongside and Miss Frans left her brother's car and got into their car; that he noticed Oakley Sturgis coming across from the north side of the street, about that time one of the boys in the other car said, "There they are now"; that Oakley Sturgis put one foot on the fender and hit him on the shoulder with his fist; that he said to him, "God damn you, get off here," and Oakley Sturgis said, "God damn you, I will get you," and reached back to his hip; that he thought he

was going to kill him, or maybe shoot him, and he struck him with his knife; that what he did was done in self-defense.

His codefendant, Pearl Forester, took the stand and his testimony is substantially the same as that given by appellant.

In support of the alleged misconduct of the jury, the proof shows or tends to show that the jurors occupied three adjoining rooms and the bailiff the next room at the hotel; that some members of the jury engaged in conversation with bystanders in the lobby of the said hotel; that after the case had been submitted six or seven members of the jury, together with the bailiff, left the jury room and the other jurors in the case and came down two flights of stairs to the lavatory in the basement.

The state called all the members of the jury with the exception of one for whom the county attorney filed an affidavit. All of the state's evidence was to the effect that the conversations had no relation to the case, that no one discussed the case with them upon their separation, and that they were in no wise influenced by the fact of such conversation and separation in arriving at their verdict. The bailiff testified that, while taking the six or seven jurors to the lavatory, he locked the remaining jurors in the jury room; that they did not converse among themselves, nor did any person converse with any juror after the submission of the case.

After hearing the evidence and argument of counsel, the court made a finding that there had been no substantial violation of either the statutes or the decisions of the appellate court shown, and overruled the motion for a new trial.

As a general rule, the findings of the trial court upon

an issue of fact, arising upon affidavit and evidence introduced on motion for new trial, will not be disturbed when the evidence reasonably tends to support such finding. Horton v. State, 10 Okla. Cr. 294, 136 P. 177.

In Elkins v. State, 29 Okla. Cr. 175, 233 P. 491, it was held:

"In a capital case, where the necessity of accommodating the jury requires that there be a division of the jury in its sleeping quarters, where each such division is in charge of an officer, this is not such a separation as will vitiate the verdict."

In the opinion it is said:

"It must be evident, however, that where the necessity of accommodating the jurors requires a division, such as the use of toilet accommodations, sleeping quarters, and such, it is not the separation contemplated by the statutes."

In Mayes v. State, 19 Okla. Cr. 102, 197 P. 1064, it was held that:

"The fact that while the jury were in charge of the bailiff one of the jurors spoke to a bystander in the presence of the other jurors about a matter not connected with the case, while an irregularity, will not warrant a reversal of the judgment."

Upon a careful examination of the record, we find that there was no prejudice to the substantial rights of the defendant resulting from the irregularities complained of, and for this reason the court did not err in refusing a new trial upon this ground.

It appears from the record that, upon his cross-examination, the defendant was asked the following questions:

"Q. Ralph, this isn't the first knife trouble you have had, is it?

"Objection sustained.

"Q. Ralph, isn't it a fact that you pleaded guilty in this court to a charge of assault with a knife.

"Objected to as incompetent, irrelevant, and immaterial, as the record is the best evidence.

"The Court: Well, unless it was a felony, I think probably it would not be competent."

Counsel in their brief say that:

"Though the court did not approve of this cross-examination, the ill effect was there just the same, and it was certainly prejudicial and constituted misconduct."

The general rule is that, when the defendant in a criminal case voluntarily takes the stand as a witness in his own behalf, he has all the rights of other witnesses and subject to the same rules of cross-examination and impeachment as other witnesses. Smith v. State, 14 Okla. Cr. 348, 171 P. 341; Hopkins v. State, 9 Okla. Cr. 104, 130 P. 1101; Ann. Cas. 1915B, 736.

Our statute provides (section 585, C. S. 1921) that a witness may be discredited by showing on cross-examination his conviction of a criminal offense, and section 2699 provides that:

"The rules of evidence in civil cases are applicable also in criminal cases."

This proof may be made either by record or by cross-examination of the defendant.

The defendant had elected to testify as a witness in his own behalf, and, having done so, the county attorney had a right to ask him on cross-examination any question pertaining to the matter at issue, or that would go to his credibility as a witness. Key v. State, 10 Okla. Cr. 206, 135 P. 950, and cases cited.

It follows that this was error in favor of the defendant.

Under the last assignment, the defendant complains of alleged improper remarks of the county attorney in the closing argument.

It appears that no objection was made and no exception taken to the alleged remarks until the motion for new trial was filed, and then only by the defendant's affidavit, which is controverted by the affidavit of the county attorney.

By numerous decisions of this court the rule is well settled that misconduct of the prosecuting attorney in his argument to the jury can only be shown by being properly incorporated in the case-made or by bill of exceptions duly allowed, and when not so preserved in the record, cannot be shown by mere recitals in a motion for new trial. Tucker v. State, 9 Okla. Cr. 587, 132 P. 825; Irvine v. State, 10 Okla. Cr. 4, 133 P. 259; Sanditen v. State, 22 Okla. Cr. 14, 208 P. 1040; Copus v. State, 26 Okla. Cr. 366, 224 P. 364.

On the record before us, it appears that the challenged argument was not improper as answering certain argument of counsel for the defendant.

We are unable, after a careful examination, to find anything in the record to indicate that the defendant did not obtain a fair trial, free from prejudice.

After the final submission of the case, counsel for appellant filed a supplemental brief in this court, contending that the superior court was without jurisdiction to try the cause and to render said judgment, for the reason that no order transferring the cause from the district to the superior court was ever entered.

Under the statute, the district judge, Seventeenth judicial district, was ex officio judge of the superior court of Custer county, and the court clerk was clerk for both the district and superior courts.

The statute (chapter 68, § 2, Session Laws 1923-24) provides:

"That all cases now pending in the district court of such county, or that may hereafter be filed therein, and all such cases in the county court of which said superior court may have jurisdiction, shall be by the court clerk transferred to such superior court, upon the application by motion filed by either plaintiff or defendant in the court where such case was originally filed."

The record shows that the county attorney filed the following motion for the transfer of this cause:

"Comes now Fred E. La Rue, county attorney of said county and state, and moves that the above-entitled cause and all the papers filed therein be transferred to the superior court of Custer county, Okla."

"Filed in the district court and refiled in the superior court September 5, 1924. R. H. Dunn, Clerk."

Upon this motion, the court clerk entered of record in the superior court all of the papers filed in the case.

We understand the rule to be that where the court has jurisdiction of the subject-matter, proceedings calling into exercise that jurisdiction, although irregular, are not subject to challenge for the first time upon appeal. If the defendant, upon arraignment, pleads to the merits, and enters upon the trial, he thereby waives any irregularities therein. Muldrow v. State, 16 Okla. Cr. 549, 185 P. 332.

In Brown v. State, 9 Okla. Cr. 382, 132 P. 359, it was held:

"Jurisdiction of the subject-matter cannot be conferred by consent, and the want of such jurisdiction cannot be waived, but jurisdiction of the person can be conferred by consent and the want of such jurisdiction is waived unless objected to in apt time."

120

It follows from what has been said that there is no merit in this contention.

No further reason for reversing the judgment being urged, and no substantial error appearing in the record, the judgment appealed from is affirmed.

DAVENPORT, J., concurs.

EDWARDS, J., having presided in the court below, disqualified.