The plaintiff in error, hereinafter called defendant, was convicted in the district court of Wagoner county of manslaughter in the first degree and his punishment fixed at 20 years in the state penitentiary.
The record discloses that the defendant is a negro, and that the deceased, P.A. Anderson, also was a negro. At the time charged Anderson had been acting as a peace officer, but his authority had been taken from him a short time prior to the homicide. The trouble between them arose as follows: A friend of defendant had a revolver stolen from him, and defendant had been promised $10 if he would recover it, and he promised deceased $5 for his assistance. Deceased recovered the weapon, but refused to deliver to the defendant until he had been paid the $5. Defendant then filed a replevin suit. On the morning of the difficulty, deceased went to the home *Page 269 
of defendant, and defendant testified deceased attempted to arrest him to take him to the town of Porter, and that he killed him in resisting an unlawful arrest. Deceased was shot six times. The physicians who examined the body testified that any one of five of the wounds would have been fatal. Four of them were in the back. The evidence is sufficient to support the verdict and judgment.
The first assignment of error argued is that the county attorney in his opening statement committed prejudicial error in stating that the inhabitants of Clarksville, where the homicide occurred, were practically all of negro blood and made their living by violating the law. This, of course, was an improper statement, and an objection was promptly sustained by the court. No request that the statement be withdrawn, or that the court admonish the jury to disregard it, or to reprimand the county attorney, was made. It has been generally held by this court, under similar circumstances, that the error is not reversible.
It is further argued that there was misconduct of the jury during the course of the trial. Under this assignment it is shown that during the trial, and before the case was finally submitted to the jury, the bailiff in charge of the jury took them to the county jail and waited at the reception room while a deputy sheriff or jailer showed the jury through the jail. The evidence is not very clear, but we gather that at least one of the jurors remained with the bailiff in the reception room or at the door of the jail proper while the others went through the jail, which took some 10 or 15 minutes or longer. The jailer testified that he merely showed the jurors the way in which the jail was kept and where previously some bank robber or others had escaped from jail; that *Page 270 
this case was not mentioned. The foreman of the jury, the only juror to testify, said substantially the same as the jailer. It was also shown that in the course of the trial one or two of the jurors while in the courtroom separated themselves from the other jurors and went over near a stove, apparently for the purpose of warming, and that one of them passed remarks with the sheriff and others who were about the stove. The sheriff upon this point testified that he did not recall that the jurors even spoke to him on the occasion in question, but that at no time was the case on trial ever mentioned. Some other matters are presented in the brief and argument, but they are not of sufficient importance to call for special discussion. Where it is claimed that there is misconduct of the jury by reason of separation before the case is finally submitted, the burden is on the defendant to show that he suffered some prejudice by reason of the separation. Nowabbi v. State, 36 Okla. Cr. 97, 252 P. 442; Forester v. State,36 Okla. Cr. 111, 252 P. 861; Crow v. State, 39 Okla. Cr. 135,263 P. 677.
Where the separation occurs after the case is finally submitted to the jury, the burden is on the state to show that no prejudice resulted by reason of the separation. Selstrom v. State, 7 Okla. Cr. 345, 123 P. 557; Goins v. State,9 Okla. Cr. 35, 130 P. 513; Weatherholt v. State, 9 Okla. Cr. 161,131 P. 185.
Where a defendant assigns misconduct of the jury as error by reason of separation or otherwise, he should not rely on the mere naked affidavit of the defendant, but should support his contention by such showing as will enable the trial court as well as this court to determine what occurred. He has the processes of the court to bring in witnesses, including the jury that tried the case. In the matter before us only a single juror testified and *Page 271 
that by deposition. We do not presume injury by reason of some departure from the ordinary procedure in a criminal case, unless the departure is of such a character as to constitute fundamental error or is of such a nature or at such a time that injury will be presumed. Sections 2822 and 2943, Comp. Stat. 1921; Ray v. State, 35 Okla. Cr. 328, 250 P. 438.
Upon a consideration of the entire record, we are satisfied that defendant had a fair trial.
The case is affirmed.
DAVENPORT and CHAPPELL, JJ., concur.