## MURRAY SIZEMORE v. STATE.

No. A-7819.   Opinion Filed May 16, 1931.
Rehearing Denied May 29, 1931.
(299 Pac. 246.)

Shaw & Becker, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Cimarron county of rape in the second degree and was sentenced to serve a term of one year in the state penitentiary.

The offense was charged to have been committed with one Grace McKinney, a female of the age of 17 years. The prosecutrix testified to four separate acts of sexual intercourse occurring during a period of about 30 days prior to October 6, 1928. On motion, the state elected to rely

on the first act disclosed by the testimony to have occurred about September 1, south of Boise City. The election was made by the county attorney in open court, that the act relied upon by the state for a conviction was alleged to have occurred about September 1, and that evidence of other acts was introduced for the purpose of corroboration only, and the court instructed the jury it should not be considered for any other purpose. Defendant testified in his own behalf and denied all the acts of intercourse except one which he testified occurred about October 6.

Complaint is made that the jury was not clearly informed of the particular act upon which the state elected to rely for a conviction. It is insisted the statement of the county attorney making an election was not heard by the jury. The record is not entirely clear. During the course of the trial, while the state was presenting its testimony, the court requested counsel to approach the bench and the reporter states the court and counsel conversed in an undertone. Then the following appears:

"By Mr. Shaw: At this time the defendant requests that the state be required to elect upon what act they rely for a conviction in this case.

"By Mr. Butler: The state elects to stand on the first act south of town, being the act of sexual intercourse claimed to have been had south of town, south of Boise City, occurring about the first of September, 1928.

"By the Court: All right. Let's proceed."

Counsel for defendant states this occurred in an undertone; the record indicates that it followed the conversation in an undertone. In either event we are of the opinion the election was sufficiently definite and that the jury was not misled, since it appears the first act was near

September 1, while the last act testified to by prosecutrix and admitted by defendant was about October 6. No request for a further instruction on the matter of election was requested by defendant's counsel, and we must assume they were satisfied with the instruction given upon this point.

Some of the other assignments argued relate to the same question.

It is urged that instruction No. 8 is prejudicially erroneous. This instruction states the law of alibi and uses these words:

"You are further instructed that one of the defenses interposed in this case is what is known in law as an alibi. That is, that defendant was at another and different place at the time of the commission of the crime. * * *"

It is insisted that the use of the words "at the time of the commission of the crime" is an assumption by the trial judge that the crime was committed; that the court should have used the words "when the crime 'was alleged' to have been committed." Counsel are correct, the trial court should not assume the commission of the crime. The use of this language, however, if it amounts to an assumption, could not have been prejudicial since the court in other instructions definitely stated to the jury what facts must be proven in order to warrant a conviction and clearly informed them of the presumption of innocence and the burden of proof. So considered altogether, the jury are told that the state must prove the offense charged beyond a reasonable doubt and unless it has done so they must acquit defendant.

The contention is made that there was prejudicial misconduct of the jury after the case was finally submitted to it. The record shows that after the case was submitted

to the jury they were taken to a room and deliberated until 1 o'clock at night; then, without any directions from the court, the bailiff in charge of the jury permitted six of them to go to one hotel and he accompanied six to another hotel. No accommodations were available where the jurors could be kept together during their retirement. The hotels were about two blocks apart. Section 2723, Comp. Stat. 1921. This question has been before this court many times. The law is settled that in the trial of felony cases before the final submission of the case to the jury, the court, in its discretion, may permit the jury to separate under proper admonition, and if a defendant assigns error by reason of such separation, the burden is on him to show misconduct likely to result in prejudice. After the case is finally submitted to the jury and the separation occurs, prejudice is presumed and the burden is on the state to show that no prejudice in fact resulted. See in this connection Elkins v. State, 29 Okla. Cr. 175, 233 Pac. 491; Nowabbi v. State, 31 Okla. Cr. 158, 237 Pac. 868; Forester v. State, 36 Okla. Cr. 111, 252 Pac. 861; Crow v. State, 39 Okla. Cr. 145, 263 Pac. 677; Chappell v. State, 44 Okla. Cr. 267, 280 Pac. 639. This question was presented in the motion for a new trial, and the court heard evidence on the fact of separation of the jury, and the state thereupon called all of the jurors and met and fully rebutted the presumption of prejudice arising from the fact of separation.

Finally, it is earnestly argued that the evidence of the state is so vague, indefinite, and uncertain that it is insufficient to sustain a conviction. The testimony of the prosecutrix is that she lived in the country near Boise City; that she had not been to school in several years and had quit school when she was in the second grade. We gather from her testimony that she is not of high men-

tality. Her testimony is clear as to the fact of intercourse and that as a result on June 15, following, she gave birth to a child. It appears that defendant is a young man of intelligence. It is unfortunate that he is convicted of this offense, but the law as well as the conventions of society impose restraint in social relations with females under the age of 18 years. The offender who fails to observe this restraint does so at his peril and must suffer the consequences. Defendant has been represented by able counsel both in the trial court and in this court. We find no error requiring a reversal.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.