## JOHN PRYOR v. STATE.

No. A-7913. Opinion Filed July 11, 1931.
Rehearing Denied July 28, 1931.
(1 Pac. [2d] 797.)

346

Johnson & Stith, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county of assault with intent to kill and was sentenced to serve a term of two years in the state penitentiary.

The record discloses that at the time charged, Mitchell and Gaffney, two members of the police force of the city of Pawhuska, attempted to arrest defendant on a charge of disturbing the peace. When they arrived at the place, defendant was in an automobile, in an intoxicated condition. He resisted arrest, and a struggle ensued in which defendant pointed a pistol at Gaffney, attempting to discharge it, with the declaration that he

was going to shoot him. Mitchell interfered and succeeded in knocking the pistol out of defendant's hand. Defendant admitted being in the car at the time as testified by the officers, but denied he had the pistol in his hand or that he attempted or threatened to shoot Gaffney. On cross-examination he admitted he had been twice convicted of an assault with guns.

It is argued that proof of other offenses was inadmissible, defendant's counsel contending this put in evidence his reputation. For the purpose of affecting the credibility of a witness, he may be asked if he has ever been convicted of a felony or of any offense which involves moral turpitude. When defendant becomes a witness, he has the same status and the same rules of evidence apply to him as to other witnesses, and for the purpose of affecting his credibility, it is proper to show on cross-examination prior convictions.

Complaint is next made that the court erred in failing to instruct the jury as to the lesser offenses embraced in the charge of assault with intent to kill. In a case where the offense charged includes other offenses, and the evidence might apply to an included offense, the court should submit the case to the jury for consideration upon such included offenses. The defendant did not object to the instructions given and did not request any additional instructions. We must presume that defendant was satisfied with the instructions. A reasonable view of the evidence is that the assault was with intent to kill. There was no error in the failure of the court to instruct on the lesser degrees of assault.

Lastly, it urged that the court erred in instruction 5, which in substance is to the effect that if the jury find defendant guilty and are unable to agree upon the pun-

ishment, they may so state in the verdict and the court will assess the punishment. No exception to this instruction was reserved. No question as to its correctness is presented to this court. Sections 2750, 2751, C. O. S. 1921.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.