## MARY LEASURE v. STATE

No. A—9792. May 28, 1941.
(114 P. 2d 191.)

Mac Q. Williamson, Atty. Gen., and Hugh Conway, Co. Atty., of Enid, for the State.

Harry C. Kirkendall, of Enid, for defendant.

BAREFOOT, P. J. Defendant Mary Leasure was charged in the county court of Garfield county with the crime of unlawful possession of intoxicating liquor, to wit: 8 one-half pints of alcohol, and 3 quarts of whisky; was tried, convicted, and by the court sentenced to pay a fine of $100 and to serve 60 days in the county jail, and has appealed.

Upon arraignment defendant informed the court that she had no means to employ counsel, and the court appointed Hon. Harry C. Kirkendall of the Garfield county bar to defend her. The case-made, together with the petition in error, was filed in this court on the 26th day of December, 1939.

We have examined the record in this case and find that the home of the defendant was searched on the 23rd day of February, 1939, by four county officers of Garfield county who had theretofore procured a search warrant which was in proper form. They found the above-described liquor in a woodpile use in connection with defendant's home. A large cream can was buried in the ground under the wood, and the liquor was lying beside the same. The defendant was standing near the woodpile at the time the officers arrived and served the search warrant.

Each of the four officers testified that defendant admitted the whisky belonged to her. In her house a one-half pint bottle of alcohol was found of the same kind found in the woodpile, and in her cellar and around her premises many empty whisky bottles were found, the officers testifying that as many as 400 or 500 were there.

Also many caps taken from whisky bottles and soda pop used for the purpose of mixing drinks were found on the premises. The officers all testified that they had observed the premises many times, both day and night, and upon numerous occasions had seen automobiles going to and from the premises, both in the daytime and in the nighttime, and that the place had the general reputation of being a place where intoxicating liquor was being sold, both by the bottle and by the drink. The defendant did not take the witness stand.

It is contended that the court erred in permitting a deputy sheriff to testify as follows:

"A. Well at this particular time, it was generally known that whisky had been sold there, there had been former convictions."

If the defendant had been formerly convicted of a violation of the prohibitory liquor laws it could have been properly introduced, and while this witness was not asked with reference to this matter but made the voluntary statement as above set forth, we do not believe this is sufficient error to cause a reversal of this case. The court struck this voluntary statement and promptly instructed the jury that they should not consider the same under any circumstances, but it having been made in the presence of the jury may have caused them to give the defendant more than the minimum punishment.

The search warrant described the premises as follows:

"In the building and premises located on Lots 31 and 32, in Block 42, College Hill Addition to the City of Enid, a part of the Northwest Quarter of Section 10, Township 22 North, Range 6 West, I. M., in Garfield County, Oklahoma, and known as the Mary Leasure place."

About the only defense offered was with reference to this description, it being claimed that the liquor was not

found on the identical lots above described. The evidence revealed that this property had at one time been a part of the townsite of the city of Enid, but had been vacated, and most of it was being used as farming land. The deed to defendant conveying to her these identical lots was offered in evidence. Defendant was not only named in the search warrant, but the proof showed that she owned and occupied the premises with her two sons who lived with her, and her admission of the ownership of the liquor found were amply sufficient for the jury to find her guilty of the offense charged.

The instructions of the court fairly presented the law, but for the reasons above stated we are of the opinion that justice would be best subserved by a reduction of the punishment in this case to a fine of $50 and 30 days in the county jail. Defendant was ably represented by counsel appointed by the court.

The judgment of the county court of Garfield county is therefore modified and affirmed as above stated.

JONES, J., concurs. DOYLE, J., absent.