### ROY HILL v. STATE.

No. A-10498.   Jan. 2, 1946.
(165 P. 2d 146.)

Amos T. Hall, of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Roy Hill, was charged in the court of common pleas of Tulsa county with the offense of driving an automobile while under the influence of intoxicating liquor; was tried, convicted, and sentenced to serve one year in the county jail and pay a fine of $500 and costs, and has appealed.

On September 5, 1943, about 1:30 a. m., the defendant, while driving a Pontiac coupe automobile, collided with an automobile being driven by one Fletcher Crawford on east Apache street, just outside the city limits of Tulsa.   The evidence is disputed as to who was at fault in the collision and as to whether the defendant was under the influence of intoxicating liquor in the driving of his automobile.   However, this disputed question of fact was decided adversely to the defendant by the jury and, since no question as to the sufficiency of the evidence is raised by this appeal, it is unnecessary to make an extensive review of the evidence.

The contentions of the defendant may be considered under two headings: First, the alleged error of the court in refusing to grant a mistrial upon a proper showing. Second, the punishment assessed by the jury is excessive under the facts of the case.

The defendant testified in his own behalf. He contended that he was driving west on Apache street in a lawful manner, and that, as he started to go around a car at the intersection of Quincy and Apache streets, Crawford, the prosecuting witness, turned the corner from Quincy street onto Apache street. That the lights on Crawford's car were not burning and that because of these factors the collision occurred without fault of the defendant. That he was not under the influence of intoxicating liquor, but had drunk two bottles of beer earlier in the evening. A man and woman who were riding with defendant corroborated most of his testimony.

The prosecuting witness testified that he and his family had been to a late show in Tulsa and were on their way home. That he turned off of Peoria onto Apache street and that the defendant tried to pass a car on Apache street and crashed into the car being operated by Crawford. Crawford's wife was cut on the chin, requiring several stitches to be taken, and their seven months old baby had his arm broken. Officers who were called to the scene of the collision testified that, in their opinion, the defendant was under the influence of intoxicating liquor.

While the defendant was on the witness stand, the record discloses that the following occurred:

"Q. Had you ever been charged in a case of this kind before? Mr. Hall: We object to that for the reason that it is incompetent, irrelevant, and immaterial. The Court:

Sustained. Whereupon the following proceedings were had out of the hearing of the jury: Mr. Hall: Comes now the defendant and moves the court to declare this case a mistrial for the reason that the question just asked the defendant by the counsel for the state is calculated to arouse the bias and prejudice of the jury, and to suggest to the jury that the defendant has been involved in a similar violation prior to this time. By the Court: Overruled. Mr. Hall: Exception."

It is proper to ask a defendant on cross-examination whether he has been convicted of crime for the purpose of affecting the credibility of the defendant as a witness. Graham v. State, 80 Okla. Cr. 159, 157 P. 2d 758; Pryor v. State, 51 Okla. Cr. 345, 1 P. 2d 797.

However, it is improper to ask the defendant if he has been charged with a crime. A discussion of the principle is not again required for the reason that the doctrine is too well established to be misunderstood. The only purpose for which such a question could be asked would be to prejudice the defendant in the eyes of the jury.

In Corliss v. State, 12 Okla. Cr. 526, 159 P. 1015, this court held:

"Counsel have no right, under the law in this jurisdiction, to inquire of a witness whether or not he has been arrested upon a criminal charge. A witness can only be asked for the purpose of affecting his credibility if he has been convicted of crime."

In Rogers v. State, 8 Okla. Cr. 226, 227, 127 P. 365, it is stated:

"Every defendant in a criminal case is entitled to fair treatment on his trial, and a prosecuting attorney should not be permitted to ask questions which he knows to be illegal for the purpose of prejudicing the defendant, or to make remarks in the examination of a witness which

contain unfair reflections upon the defendant. In the examination of witnesses, he should confine himself exclusively to developing legal evidence against the defendant, and should reserve his comments on the testimony for his argument to the jury; and it is the duty of trial courts to rigidly enforce this rule."

And again in Watson v. State, 7 Okla. Cr. 590, 124 P. 1101, it is held:

"In jury trials, incalculable harm is often done by counsel in asking known incompetent questions in the hearing of the jury and thereby forcing the adverse party to object to them also in the hearing of the jury, which manifests a fear of the incompetent questions, and gives emphasis to the harmful matter they are supposed to contain."

We will consider this assignment of error in connection with the proposition that the punishment assessed by the jury is excessive under the facts. As herein above pointed out, there was a dispute in the testimony of the state and that of the defendant as to whether the defendant was under the influence of intoxicating liquor and who was at fault in the collision that occurred. We have had a large number of appeals from convictions concerning this offense. In a great majority of the convictions, the accused is given a fine, especially where it is his first offense. Since no inquiry was made by the prosecuting attorney as to any prior convictions sustained by the defendant, we assume that this is the first offense allegedly committed by the accused. We have sustained convictions where the penalty assessed the accused on a charge of this nature was as severe as that assessed in this case, but in those cases, the proof of guilt was conclusive and the accused was an old offender. In this case, the defendant was employed as a defense worker in an aircraft plant. It is our conclusion, after a careful study of the record, that the question asked by the

prosecuting attorney was highly improper and had the effect of causing the jury to assess more punishment than they would have if such question had not been asked. Under such circumstances, it becomes our duty to modify the sentence assessed against the accused.

At the time the question was asked and objection was interposed by counsel for defendant, the prosecuting attorney did not ask any further questions of this nature, or which were prejudicial to the defendant. If he had done so, the error would have been so serious that this court would have had the duty of reversing the conviction. However, the testimony of the state as to the defendant's intoxication and the unsatisfactory nature of the evidence offered by defendant on this point convinces us of defendant's guilt. Under such circumstances, we feel that the asking of this question was not the factor which caused the jury to find the defendant guilty, but that it was so harmful in its effect that it caused the jury to assess an excessive punishment.

It is therefore ordered that the judgment and sentence of the court of common pleas of Tulsa county be reduced from a sentence of one year in the county jail and a fine of $500, to a sentence of 90 days in the county jail and a fine of $250 and costs, and the judgment and sentence of the court of common pleas of Tulsa county as thus modified is affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.