## PARKER v. STATE.

No. A-11675. Feb. 25, 1953.

(253 P. 2d 1085.)

Ira Monroe, Clinton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Carl Parker, defendant below, was charged by information in the county court of Custer county, Oklahoma, with the offense of operating a motor vehicle upon the public highways of said county, same being 4th street in Clinton, Oklahoma, which is also Highway 183 and U. S. Highway 66, while under the influence of intoxicating liquor. The offense in the information was alleged to have been committed on or about July 15, 1951. The case was tried to a jury on the 30th day of October, 1951. The defendant was convicted and the jury was unable to agree on the punishment. Thereafter,

on the 6th day of November, 1951, judgment and sentence was entered by the court against the defendant fixing his punishment at 30 days in the county jail and a fine of $100 and the costs; and from said judgment and sentence this appeal has been perfected. ·

The defendant urges two propositions: First, that the county attorney was guilty of misconduct in the course of his argument to the jury. This contention is predicated upon the statement of the county attorney which appears in the case-made to the effect, "the evidence shows the defendant Carl Parker has been convicted of a felony twice and served a term in the penitentiary according to his testimony." The record discloses that the defendant had elected to take the witness stand and testify in his own behalf, and was subjected to cross-examination and made the disclosure upon which the foregoing statement was predicated in the cross-examination. Both the inquiry and the argument in relation hereto were proper. In this connection in Forester v. State, 36 Okla. Cr. 111, 252 P. 861, it was held that the statute permits proof of a prior conviction of a defendant in a criminal case for the purpose of affecting his credibility. This proof may be made either by record or cross-examination of the defendant. Title 12, § 381, O. S. A. 1941. To the same effect is Howard v. State, 67 Okla. Cr. 445, 94 P. 2d 947. We are of the opinion that the same constituted a legitimate argumentative comment upon the factual admission made by the defendant himself. This comment was in keeping with the evidence.

"The settled rule is that the prosecuting attorney has the right and privilege in his argument to the jury to refer to the evidence * * * and the remarks of the prosecuting attorney in his argument will be considered and construed in reference to the evidence." Nance v. State, 41 Okla. Cr. 379, 273 P. 369, 372; Allen v. State, 13 Okla. Cr. 395, 164 P. 1002, L. R. A. 1917F, 210. See also, Clark v. State, 95 Okla. Cr. 119, 239 P. 2d 797.

The second proposition urged in the defendant's brief was that the court erred in permitting inquiry to be made concerning the defendant's occupation. We are of the opinion that such inquiry constituted a legitimate matter of cross-examination. In Clark v. State, supra, this court held:

"When a defendant elects to testify in his own behalf he occupies a double position; as a defendant, his character cannot be attacked by the state; as a witness, he puts credibility in issue the same as any other witness.

* * * * * *

"On cross-examination of a defendant for the purpose of affecting his credibility as a witness, he may be asked his occupation, and whether he has been convicted of a crime, * *."

See, also, Musgraves v. State, 3 Okla. Cr. 421, 106 P. 544.

The evidence herein is entirely sufficient upon which to sustain the conviction. It appears that the defendant's defense was that he was not driving the automobile, but another man was driving the automobile by the name of Cavanaugh; that they pulled up to the stoplight and Cavanaugh jumped out and ran into the drugstore to get some cigarettes. It appears, however, that Officer James Schwab testified to the effect that he saw the defendant driving the automobile. As Schwab got to 4th street he saw the defendant Parker, who was alone, drive the automobile by before he reached the hereinbefore mentioned stoplight. Officer Schwab testified that he saw the defendant drive the car approximately half a block. The defendant admitted that he was, "not too awfully drunk," and that he had been drinking. This evidence within itself was sufficient to create a question of fact for the jury, and was ample upon which to predicate their verdict. By reason of the foregoing things, the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.