Wilma FOX, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12508.

Criminal Court of Appeals of Oklahoma.

Jan. 29, 1958.

Tillman, Tillman & Hampton, Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Wilma Fox, hereinafter referred to as the defendant, was charged by information in the county court of Osage County, Oklahoma, with the crime of driving a motor vehicle while under the influence of intoxicating liquor, was found guilty by a jury who could not agree on the punishment and left the same to the trial judge, who sentenced the defendant to pay a fine of $50 and to serve 10 days in the county jail.

The evidence reflects that the defendant was arrested by troopers Emil Hunt and Hugh Enos for drunk driving on the 3rd of October, about 12:30 o'clock in the morning. They stated, while patrolling highway 18 in Osage County, they noticed defendant's car as it swerved around them and passed at a high rate of speed. They followed the vehicle about a mile and with the aid of their red light and siren, stopped the defendant. That some difficulty was encountered in getting the defendant to respond to the siren and red light. They further testified that during the pursuit, defendant drove on the left side of the road several times and her car was weaving. Also, that she ran a stop light.

After stopping the defendant, Patrolman Hunt asked the defendant to step out of her car. He testified she was under the influence of intoxicating liquor. Patrolman Enos also was definite in his testimony as to defendant's condition being that of a person under the influence of intoxicants, and that there was vomit on the seat and floor of the car and the car smelled strongly of alcohol. Defendant was arrested and taken to the county jail at Pawhuska. The jailor testified the defendant had been drinking and that he smelled liquor on the defendant and that defendant told him she had been sick and was feeling bad.

The defendant denied having had anything to drink; that she had been suffering from extreme nervousness and worry as a result of recent marital difficulties and the recent death of her father. That she had been under a doctor's care for approximately two months as a result of her condition. That she had vomited while driving as a result of her nervousness.

Dr. Harold Brooks verified that the defendant had been under his care for some time, and that he had diagnosed her case as psychosomatic disturbance to the gastrointestinal tract. That he had treated her and administered "drumine" to settle her stomach and to retard the vomiting she was having at the time. That he had given her chlorohydrate and some barbital. That he last treated her on the 1st and 2nd day of October.

Georgia Vining testified she was employed at "Jumps Roller Rink" and lived in Fairfax. That on the night in question she saw the defendant between 11:30 and 12:00. That she served the defendant a cup of coffee. That she was not drinking and acted perfectly normal except she told her she was under a doctor's care and that her father had recently died. That she had seen several drunk people and in her opinion defendant was sober.

The record reflects that the defendant had subpoenaed one Charles Bennett two days before the trial and he did not appear. Said witness had also seen defendant at the cafe shortly before the arrest. Defendant asked the court to continue said cause until said witness could be compelled to make his appearance.

The defendant presents numerous assignments of error, but this court will only deal with one which it deems vital, in that the court erred in giving instruction No. 4 which was as follows:

"You are further instructed that the court has permitted evidence to be introduced showing that the defendant has been previously arrested and bond forfeited for being drunk. This evidence is admissible for the purpose of impeaching her testimony and for that reason alone."

This instruction arose from the evidence illicited by cross-examination by the county attorney as revealed by the record (CM 77) as follows, by the county attorney:

"Q. You started going to the doctor for treatment about a month before this incident occurred? I will ask you if on the 11th day of May 1956 you were *charged* with being drunk, reckless driving and destroying city property?

"Mr. Hampton: We object. That is entirely too remote. I would like to dictate an objection into the record on this series of questions. I don't know how many they have got. Are they more remote than that or do you know?

"The Court: Overruled.

"Q. You may answer the question. A. Yes.

"Q. This was back before your hypertension? A. No, I had went before. I came and sued for a divorce that day.

"Q. Do you remember the disposition of those cases? A. What do you mean?

"Q. How they came out.

"Mr. Hampton: We object. It is not the best evidence.

"A. I called up and had it cancelled.

"Q. Had them cancelled? A. I said I sued for a divorce.

"Q. No, ma'am. I am not asking about your marital troubles. You know what I am talking about. A. I made bond and paid a fine.

"Q. All right, thank you ma'am. Do you really think these policemen are mad at you? * * *"

It is to be noted that this line of questions were not to impeach the defendant because it was raised the first time by the state. The instruction given is clearly erroneous. The rules of evidence are well established and clearly set forth in our statutes, Title 12 O.S.A. § 381.

■ The only purpose for which one may inquire as to previous convictions is to test the *credibility* of the witness. This is indeed different from impeaching the witness, unless it is denied by the witness which was not the case here. The erroneous instruction was given by virtue of the highly improper questions propounded by the county attorney. This appears to be so well established as to need little discussion. It is not the duty of the state to obtain conviction by improper or prejudicial methods. There is a vast difference in one being charged with a crime and one being convicted of a crime and this court has so held in numerous cases, one of which was Corliss v. State, 12 Okl.Cr. 526, 159 P. 1015, where the court said:

> "Counsel have no right, under the law in this jurisdiction, to inquire of a witness whether or not he has been arrested upon a criminal charge. A witness can only be asked for the purpose of affecting his credibility if he has been convicted of crime."

The attorney general infers that the improper question was cured because the objection was not properly worded, and only objected to for the reason it was too remote. It is to be noted that in defendant's objection he stated, "I would like to dictate an objection to this series of question", which was overruled. This should have sufficiently alerted the learned trial judge to the extent of sustaining the objection and required the county attorney to put his question in proper form. Also it is inferred that since the defendant answered that she had forfeited bond and paid a fine, the error was corrected. One cannot help but observe that the county attorney asked had the defendant not been charged with three crimes, to wit: reckless driving, destroying city property, and being drunk. The answer of the defendant was as to one. The instructions mentioned one. No further clarification was made as to the other two. Whether she was convicted of these crimes is still undetermined by the evidence. But the inference was improperly presented to the jury which could have been none other than highly prejudicial to the rights of the defendant. This court said in Hill v. State, 81 Okl.Cr. 342, 165 P.2d 146, 148:

> " 'Every defendant in a criminal case is entitled to fair treatment on his trial, and a prosecuting attorney should not

be permitted to ask questions which he knows to be illegal for the purpose of prejudicing the defendant, or to make remarks in the examination of a witness which contain unfair reflections upon the defendant.' "

█ A defendant in a criminal case should be convicted, if at all, for the crime with which he is charged and none other. If he has been previously convicted it may be proven for affecting his credibility only. Evidence of charges and arrests have no place in the trial and serve no purpose except to leave an inference with the jury that a conviction followed, which is not always the case, and in that event, would have done the defendant a great injustice. For that reason the courts have been consistent in confining such interrogation to convictions only. As a result of the prejudicial question as to charges and arrest combined with the erroneous instruction, the case is reversed and remanded for a new trial in accordance herewith.

BRETT, P. J., and POWELL, J., concur.