Darrell Wayne GILMORE, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13040.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1961.

Rehearing Denied Dec. 13, 1961.

A. W. Mauldin, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Darrell Wayne Gilmore was charged by information in the district court of Stephens County, Oklahoma, with the crime of burglary, second degree, after former conviction of a felony; was tried and convicted by a jury, which fixed his punishment at ten years in the state penitentiary. Judgment and sentence was entered thereon, from which this appeal has been perfected.

It appears from the record that the burglary was allegedly committed in Comanche, Stephens County, on May 15, 1960, and that the accused had a prior conviction in Stephens County for burglary in the second degree on July 9, 1956, for which he was imprisoned on a sentence of two years, which he served.

The place of the alleged burglary was the Moon Motor Company in the town of Comanche. The entry was effected about four o'clock in the morning. It appears that Mr. Moon's home was just north of his place of business, and so situated that he could look out of his bedroom window and see a considerable portion of the business building. On the night in question Mr. Moon was awakened by the fire whistle, and, aroused from his sleep and looking out the window, he saw a man standing by the side of his place of business. Just before the fire truck passed, the man got into a car that was standing nearby, and remained there until the truck drove on past. He then got out of the car and went back to the building, but returned to his car. It looked to Mr. Moon that he had something in his hand. He got in the car and drove away.

Mr. Moon said it looked suspicious, and he continued to watch, and in about five minutes the man returned, walking by the east side of the building. There was an overhead automatic door on the east side of the building, and Mr. Moon heard the

door raised slightly, then closed, raised enough for a man to get under it. He did not see it raised, but heard it and knew that was what happened. Immediately thereafter he could see the man through a large window on the north side of the store building, and saw him hurriedly going to the front of the building. Mr. Moon armed himself with his .38 pistol, entered the building by another door and found the man searching some "cubby-holes" in a circular counter beneath the cash register. He told him to come out with his hands up, which the defendant did. Mr. Moon identified the defendant as being the man who broke into his place of business.

The defense was that the defendant had been in the place of business before and was familiar with it, that the door was open and he went in to use the telephone to call his uncle. He said he could not find the telephone directory. He contended he had $200 on his person, and did not need money.

■ During cross-examination of the defendant, he admitted the prior burglary conviction plead in the information. Then the county attorney inquired of the defendant if he had not been tried and convicted of the offense of carrying a concealed weapon and operating a motor vehicle without a proper driver's license, in Tulsa County, Oklahoma. To the inquiry concerning the driver's license he admitted he paid a fine, but flatly denied the conviction concerning the concealed weapon charge.

Apparently the county attorney proceeded on the assumption that the defendant would admit the conviction and identity in the concealed weapon case, and was not prepared to prove the conviction or the defendant's identity, as by law provided.

■ Proof of the former conviction must be established in rebuttal as in chief by offering the information or indictment, the judgment rendered on the conviction or plea of guilty, and showing that the case has not been appealed, or if appealed has been finally determined. Woods v. State, Okl.Cr., 327 P.2d 720, Morse v. State, 63 Okl.Cr. 445, 77 P.2d 757.

The identity of the accused in the case must also be established on trial as one and the same person as that convicted of the prior offense. Woods v. State, supra, Pitzer v. State, 69 Okl.Cr. 363, 103 P.2d 109; Clore v. State, Okl.Cr., 282 P.2d 780.

To show good faith in inquiring about that matter, the county attorney offered to introduce a certified copy of the judgment and sentence from Tulsa County, showing the prior conviction of a person of the same name. The trial court sustained defendant's objection thereto, and admonished the jury to "disregard any questions by the county attorney in regard to that particular matter contained in the offered exhibit."

■ On the foregoing, the defendant asserts he was prejudiced. The attorney general cites cases in abundance with which we are in accord holding that it is proper to inquire of a defendant for the purpose of affecting his credibility as a witness, in relation to prior convictions of crime. Pryor v. State, 51 Okl.Cr. 345, 1 P.2d 797; Trail v. State, 63 Okl.Cr. 312, 74 P.2d 1170; and numerous other cases. In fact, the statutes permit such inquiry. 12 O.S.1951 § 381. This proof may be made either by proof or by cross-examination of the defendant.

■■ But as herein, when the defendant positively denies on cross-examination the conviction inquired about, that ends the matter, except by proof thereof in rebuttal. A certified copy of the judgment and sentence without proof of identity is not sufficient to establish the conviction of the defendant. Herein, under the trial court's admonition to the jury and two other convictions being definitely established, the county attorney's offer of the judgment and sentence as an evidence of good faith was error, but not such error as to amount to reversible error. Especially is this true where it was established and admitted by the defendant that he had a prior conviction for burglary, the sentence for which he had served, and in face of his admission of the conviction for operating a vehicle without a proper license. In Ware v. State, 71

**576**

Okl.Cr. 232, 110 P.2d 617, 618, this court said:

"Where an objection is made to the testimony of a witness, and the court sustains the objection thereto and instructs the jury to disregard the same, it is not reversible error unless the defendant has sustained prejudicial error by reason of the question asked."

See also Leasure v. State, 72 Okl.Cr. 162, 114 P.2d 191, where we said:

"A voluntary statement of a witness in the presence of the jury that a defendant has been previously convicted may not be sufficient to reverse the case, after a consideration of the entire record.

"This is especially true where the court sustains an objection to the same and advises the jury to disregard and not consider the statement."

And see Slaughter v. State, 94 Okl.Cr. 407, 236 P.2d 993.

Under this entire record, the evidence of guilt is so convincing we are of the opinion that the error complained of is harmless.

The judgment and sentence is affirmed.

NIX, P. J., and BUSSEY, J., concur.