Howard Wayne **KENNEDY**, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14293.

Court of Criminal Appeals of Oklahoma.

June 5, 1968.

Rehearing Denied July 31, 1968.

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Howard Wayne Kennedy, hereinafter referred to as defendant, was charged by Information in the District Court of Oklahoma County, with the offense of Burglary in the Second Degree After Former Conviction of a Felony. He was tried by a jury who found him guilty of Burglary in the Second Degree and assessed his punishment at five years imprisonment in the State Penitentiary, and he appeals.

Although the defendant assigns eleven assignments of error in his Petition in Error, there are only three assignments of error argued in his brief. He first contends "That the Court committed error in allowing the State to put on a rebuttal witness to impeach the evidence given on cross-examination by John T. Ferrell. The Court was in error in allowing the State to attempt to impeach this testimony as the testimony was in regard to a collateral issue, and the State was bound by the testimony as elicited on cross-examination of the witness, John T. Ferrell."

The facts adduced on the trial were that the witness, John T. Ferrell, was asleep in the rear of a television store, which was in close proximity to the liquor store, the burglary of which the defendant herein was convicted. John Ferrell's name was endorsed on the back of the Information as a witness to be called by the prosecution, but was not so called. The accused called him as a defense witness. John Ferrell testified to having heard a noise in the vicinity of the front of his store and then running to the front. He further testified to having seen two men run to a car, after having burglarized the liquor store and that because of the physical build of the two men, neither could have been the accused. On cross-examination, the prosecution introduced into evidence a written statement, signed by John Ferrell, taken at the scene, which stated that he "could not tell who was the driver or identify either boy. Both had been out of the car."

The prosecution later in the trial called one James Michael Cook as a witness to impeach certain testimony of John Ferrell. The attorney for the accused objected to such testimony, since John Ferrell was subpoenaed by the prosecution to testify and did testify for the prosecution at the preliminary hearing. Mr. Cook was present at the preliminary hearing testimony of John Ferrell. Mr. Cook stated that John Ferrell testified at the preliminary hearing that he did not see the men that burglarized the liquor store outside of the car or running to the car and that he (John Ferrell) could not identify either man.

■ We are of the opinion, under the facts here presented, that John T. Ferrell was a defense witness and since his testimony related to a material issue in the case, it was proper for the State to impeach him on rebuttal by showing that he had made previous statements inconsistent with that testified to on the trial, relating to a material issue in the case, to-wit: his ability to observe and identify two men he saw at the scene of the burglary immediately thereafter.

■ It is a well recognized rule that a "witness can only be impeached by contradictory statements showing that he made a statement in regard to some fact or facts testified to by him on the trial at another time and place different from his evidence at the trial." See Tippit v. State, Okl.Cr. App., 332 P.2d 222, and the cases cited therein.

This is precisely what was done in the instant case and admission of the impeaching evidence on a material issue was not error.

It is next contended that defendant was prejudiced when he was cross-examined with reference to his former convictions, and this error was compounded when the county attorney referred to him as an "ex convict" in his closing argument to the jury. Defendant likewise asserts that it was error and highly prejudicial for the State to cross-examine witness Ferrell on his prior convictions. We are of the opinion that this assignment of error is without merit since 12 O.S.1961, § 381 provides:

"No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; *but such interest or conviction may be shown for the purpose of affecting his credibility.*" (Emphasis ours.)

In this connection see Howard v. State, 67 Okl.Cr. 445, 94 P.2d 947; Pryor v. State, 51 Okl.Cr. 345, 1 P.2d 797; Abby v. State, 72 Okl.Cr. 208, 114 P.2d 499, 115 P.2d 266 and Little v. State, 79 Okl.Cr. 285, 154 P. 2d 772.

■ As to the contention of defendant that comments by the prosecution as to the prior convictions of the accused and his witness, John Ferrell, the case of Parker v. State, 96 Okl.Cr. 323, 253 P.2d 1085, very aptly states the law in this regard:

"The defendant urges two propositions: First, that the county attorney was guilty of misconduct in the course of his argument to the jury. This contention is predicated upon the statement of the

county attorney which appears in the case-made to the effect, 'the evidence shows the defendant Carl Parker has been convicted of a felony twice and served a term in the penitentiary according to his testimony'. The record discloses that the defendant had elected to take the witness stand and testify in his own behalf, and was subjected to cross examination and made the disclosure upon which the foregoing statement was predicated in the cross examination. Both the inquiry and the argument in relation hereto were proper. In this connection in Forester v. State, 36 Okl. Cr. 111, 252 P. 861, it was held that the statute permits proof of a prior conviction of a defendant in a criminal case for the purpose of affecting his credibility. This proof may be made either by record or cross examination of the defendant. Title 12 § 381, O.S.A.1941. To the same effect is Howard v. State, 67 Okl.Cr. 445, 94 P.2d 947. We are of the opinion that the same constituted a legitimate argumentative comment upon the factual admission made by the defendant himself. This comment was in keeping with the evidence.

'The settled rule is that the prosecuting attorney has the right and privilege in his argument to the jury to refer to the evidence * * * and the remarks of the prosecuting attorney in his argument will be considered and construed in reference to the evidence.' Nance v. State, 41 Okl.Cr. 379, 273 P. 369, 372; Allen v. State, 13 Okl.Cr. 395, 164 P. 1002, L.R.A. 1917F, 210. See also, Clark v. State, 95 Okl.Cr. 119, 239 P.2d 797.

The Parker case continues:

"The second proposition urged in the defendant's brief was that the court erred in permitting inquiry to be made concerning the defendant's occupation. We are of the opinion that such inquiry constituted a legitimate matter of cross examination. In Clark v. State, supra, this court held:

'When a defendant elects to testify in his own behalf he occupies a double position; as a defendant, his character cannot be attacked by the state; as a witness, he puts credibility in issue the same as any other witness.

\*         \*         \*         \*         \*

On cross examination of a defendant for the purpose of affecting his credibility as a witness, he may be asked his occupation, and whether he has been convicted of a crime, * * *.' "

■■■ Defendant lastly alleges that a new trial should be granted on the basis of "newly discovered evidence that reasonable diligence could not have produced at the time of the trial." Defendant contends that the newly discovered evidence is the testimony of one John Leppala, who was originally charged jointly with the defendant, but obtained a severance of trials. Defendant alleges that Leppala could not testify at the original trial because of the charge pending against him "as it would violate his constitutional rights to remain silent without immunity being given him, which of course, the District Attorney's office would not do; and there was no way that trial counsel could subpoena this witness and use him for the benefit of his client." It is averred that since the trial of the defendant, John Leppala has pleaded guilty to the burglary and he could now testify that defendant is innocent of the crime.

It is pointed out in the State's brief on this issue, that defendant did not attempt to call Leppala as a witness and there is nothing in the record that would indicate that he would not have testified. Under these circumstances we are of the opinion that the defendant did not use due diligence when he failed to call his co-defendant to testify in his defense, and this assignment of error also is without merit.

We have carefully examined the record in the instant case and are of the opinion that the defendant was fairly tried, that the evidence amply supports the verdict of

the jury, that the trial court meticulously instructed the jury as to the law applicable in the instant case, and finding that the punishment is well within the range provided by law, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, J., concurs.