Howard Franklin ROSE, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A-15695.

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Howard Franklin Rose, Plaintiff in Error, hereinafter called defendant, was charged by information in the District Court of Oklahoma County with the crime of Assault and Battery with a Deadly Weapon, with Intent to Kill. He was tried by a jury which found him guilty and fixed his punishment at 20 years in the penitentiary. When Judgment and Sentence was imposed the trial judge sentenced defendant to 20 years, but suspended 5 years of the sentence. This appeal has been perfected seeking reversal: or, in the alternative, modification of the sentence imposed.

The question raised by defendant deals with the effect of the trial court's failure to instruct the jury that the evidence of defendant's previous convictions could be considered only as to how they might affect defendant's credibility as a witness when he testified in his own behalf.

Ordinarily, this Court will not consider failure to ·instruct the jury on matters re-

**1014** ■

lating to the weight of evidence in the absence of a requested instruction. In this case defendant did not request the instruction concerning which he complains. This Court will, therefore, follow its well established rule that the absence of such instruction does not constitute reversible error. The Court does not view such failure to constitute fundamental error to cause reversal, under the facts of this case.

However, in Fox v. State, Okl.Cr., 321 P.2d 445, [1958], the rule was stated:

"Where evidence of a previous conviction unrelated to the crime which the defendant is charged with is brought out on cross-examination, the jury should be instructed that such evidence can only be considered for the purpose of affecting the credibility of the witness."

Also, in Watts v. State, 76 Okl.Cr. 362, 137 P.2d 268, [1943], at page 272 the Court rejected defendant's right to complain on appeal of having been asked about his record because he had entered no objection or taken an exception thereto; and the Court commented on the correctness of the trial judge's adherence to the rule here involved of giving the proper instruction to the jury regarding defendant's record of previous convictions.

Defendant's previous conviction for Possession of a Concealed Weapon brought out in this case most likely served as confirmation to the jury that he did in fact stab the victim, as well as shoot him in the leg, without the instruction being made, the result must have had some effect of persuading the jury when reaching its verdict; and to have caused the jury to fix defendant's sentence in excess of what it might otherwise have assessed. This fact seemed to have been recognized by the trial judge, when five years of the sentence was suspended. Defendant has suffered prejudice, but not to the extent to cause a reversal of his conviction.

For the reasons given above and in the interest of the furtherance of justice, the judgment and sentence in this case is modified from 20 years with 5 years suspended, as imposed by the trial court, to a sentence of 15 years; and as modified the judgment and sentence is affirmed.

NIX, J., concurs.

BUSSEY, J., not participating.