**Jim Ray KITCHENS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. A–18080.

Court of Criminal Appeals of Oklahoma.

July 31, 1973.

Arthur Stevener, Jr., El Reno, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Jim Ray Kitchens, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Canadian County, Case No. CR–72–331, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at a term of fifteen (15) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite a detailed statement of facts. Suffice it to say that in the early morning hours of August 14, 1972, Jerry Michael Dixon observed a car leave the area of the maintenance shop at the Surrey Hills Country Club. He pursued the car, attempting to get the license number. The occupants of the car abandoned it and fled on foot. When a deputy sheriff arrived at the scene, they discovered an air compressor in the back seat of the abandoned car. He returned to the maintenance building of the Country Club and discovered that a large hole had been knocked through the insulation and the back door was open. An air compressor and various tools were missing from the shop.

John Novak, the maintenance man at Surrey Hills, identified the exhibits as being the tools and air compressor from the shop.

Les Wiedemann, an auxiliary police officer, testified that he assisted other officers in searching the area for the suspects. He identified the defendant as one of the persons arrested approximately two and a half miles west of the Country Club.

Deputy Sheriff Mike Grimes testified that he found the tools and the air compressor in the abandoned car. He called for assistance to cordon off the immediate area near the abandoned car. Approximately 7:30 a. m. the defendant, Kathy Sue Haygood and Johnny Bass were arrested and advised of their constitutional rights. On September 8, 1972, the defendant, while

being transported to Oklahoma City, stated "that the only burglary that he had pulled at Surrey Hills was the one which occurred on 8–14–72 in which we had caught him." (Tr. 85)

Johnny Lee Bass testified that he and the defendant broke into the maintenance shop and took some tools and a compressor. A car started chasing them and they abandoned his car and fled on foot.

The sole proposition asserts that the trial court erred in overruling defense's motion to limit cross-examination of defendant by State concerning remote past crimes and thus depriving defendant of an opportunity to testify in his own behalf. We are of the opinion that this proposition is without merit. In Kennedy v. State, Okl.Cr., 443 P.2d 127 we stated in Syllabus 3:

"It is proper to cross-examine a defendant, or any other witness relative to his prior convictions and occupation, for the purpose of affecting his credibility, and when such prior convictions are admitted on cross-examination, the prosecuting attorney may legitimately call the convictions to the attention of the jury in the closing argument as affecting the credibility of the defendant or witness."

The record reflects that on October 11, 1962, the defendant was convicted of auto theft and sentenced to five years imprisonment. On February 18, 1966, the defendant was convicted of removing mortgaged property and sentenced to a term of three years imprisonment. On January 10, 1969, the defendant was convicted of embezzlement by bailee and sentenced to two years imprisonment. It is thus readily apparent that the prior convictions are not remote, but rather reflect a continuing pattern of criminal activities by the defendant.

In conclusion we observe that the record is free of any error which would justify modification or require reversal. Further, that the evidence of defendant's guilt is overwhelming. The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.