## EVA POWELL v. STATE.

No. A-10923.   March 2, 1949.

(203 P. 2d 892.)

Preslie H. Brown, of McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Fred W. Whetsel, County Attorney of Pittsburg County of McAlester, for defendant in error.

BAREFOOT, J. Defendant, Eva Powell, was charged in the county court of Pittsburg county with driving a motor vehicle while under the influence of intoxicating liquor; was tried, convicted by a jury, and sentenced by the court to pay a fine of $50 and costs, and has appealed.

A number of errors are presented, but it is necessary to consider only three of them in disposing of this case. First, that the judgment and sentence is contrary to the evidence; second, error of the court in admitting evidence over the objection of the defendant which was incompetent, irrelevant, immaterial and highly prejudicial to the defendant; and, third, misconduct on the part of the county attorney in his manner of cross-examination of defendant and defendant's witnesses.

The defendant was charged with driving a 1942 Chevrolet sedan upon and along U. S. Highway 270 within the city limits of the city of McAlester, on February 16, 1947, while under the influence of intoxicating liquor. The record reveals that she was arrested by two state patrol officers about 2 o'clock in the morning of the above date.

The two officers testified that they saw defendant run a stop line, and followed her car for about four blocks. They testified that she was driving on the wrong side of the street, that she cut one corner and ran up over the curb in turning another corner; and that she did not stop when they first blew the siren, but stopped when they drove up by the side of her car. They asked her to get out of the car, and both testified that she was drunk. She staggered and her speech was such as to indicate she was under the influence of liquor. She rode in the patrol car with one of the officers to the police station. The other officer drove her car, and her husband rode with him. When they arrived at the police station, defendant refused to get out of the car, but got out at the request of her husband, who told her they would make bail. They both testified that the officers would not permit them to make bond, or to use the telephone. They were placed in jail, and remained there until the following afternoon (Sunday) when the assistant county attorney appeared and ordered defendant's release.

The two patrolmen testified that defendant used profane language toward them when she was placed in jail. The policeman at the city jail testified that defendant was, in his opinion, drunk, and that he heard her talking loud, but did not hear her cursing the patrolmen. A part of a bottle of whisky was found in defendant's

automobile by the officers. It was on the floor, between the front and back seats.

Defendant testified that she was the wife of Dave Powell, who was yardmaster for the M. K. & T. Ry. Co. That on Saturday night, February 15, 1947, she and her husband, in company with Mr. and Mrs. L. V. Webb, Mr. and Mrs. Larry Vaux, Mrs. Katie Arch and Lloyd Wintery, had dinner at the Hill Top Cafe. After finishing dinner between 10 and 10:30 o'clock, they went to the Boga Night Club to dance, but did not stay, as it was crowded. They then went to Daisy's Mountain View Inn, and danced until about 12:30, at which time the defendant and her husband started home, first taking Mrs. Archer to Krebs. She testified she drank one bottle and part of another of beer with the chicken dinner, and that she did not drink any liquor and no liquor was drunk by any of her party during the evening. She denied that she was in any way under the influence of liquor at the time of her arrest. She testified that her reason for not getting out of the car at the police station was that she did not want to be placed in jail. She denied that she talked loud and cursed until after she was locked up, and that she did not use the language attributed to her by the officers, and that the officers refused to permit her to make bail, or to telephone her daughter or her mother. Her explanation of the bottle of liquor being found in the automobile was that her son-in-law was visiting them and had just come in a few days before, and that he had used the car that day and the night before, and that he evidently left the bottle in the car. That she did not know it was there, and had not drunk therefrom. She testified that at the time of her arrest they were going to the home of her mother

to ask her mother to open up the restaurant at 6 o'clock the next morning.

Defendant's testimony was corroborated in every detail by her husband, Dave Powell, and by all of the parties who were with her during the evening and just prior to her arrest, with the exception of one of the ladies who was ill and unable to attend the trial.

Mr. Webb testified that he was at the Mountain View Inn at the time defendant and her husband left to go home about 12:30 a. m., and that he danced with defendant just before she left. That she was in no way under the influence of liquor at that time, and he had been with her and other members of the party during the entire evening and no liquor had been served, and he did not see defendant drink anything except the two glasses of beer with the chicken dinner at the Hill Top Cafe early in the evening. Other members of the party corroborated this testimony.

A number of responsible citizens of McAlester testified to the good reputation of defendant as a peaceable and law-abiding citizen.

It will be noted that the evidence of the state and of the defendant was directly contradictory. We would not have referred to this evidence, except that we think it necessary in consideration of other errors presented, and which will hereafter be considered.

The rule has often been announced by this court that where there is a conflict in the evidence, and the evidence of the state is sufficient to sustain the verdict, the same will not be set aside on appeal to this court. It is only when the evidence is insufficient to sustain the judgment and sentence that the same will be set aside.

Under the above state of facts, the judgment and sentence would be affirmed.

We will consider the second and third assignments hereinbefore mentioned together.

While Dave Powell, the husband of defendant, was upon the witness stand the county attorney asked him the following questions:

"Q. You had a charge of public drunk filed against you as the result of this same action? Preslie Brown (Attorney for defendant): I object as incompetent, irrelevant and immaterial. Court: Overruled. Brown: Allow us an exception. We move the court to have this question stricken from the record and the jury instructed not to consider it. Court: Motion overruled. Brown: Exception. Q. As a result of this action I'll ask if you had a charge of public drunk filed against you by my office? Brown: I reiterate my objection to that question on the grounds that it is highly prejudicial and inflammatory and calculated to prejudice the jury against the defendant. Court: Overruled. Brown: Exception. A. I don't know if that is what you call it. I was not drunk. Brown: I object. Court: Overruled. Brown: Allow us an exception. Q. What was the result of that trial? Brown: I object, that case is still pending. Fred Whetsel (County Attorney): He was tried and convicted. I think he has appealed it. Court: It is improper to bring this out. It has been brought out here that he was a public drunk. Strike that part of the evidence. Brown: I would like to move at this time for a mistrial because of the remarks of the county attorney which are highly prejudicial, inflammatory and calculated to and which do prejudice the minds of the jury against this defendant and her witnesses—and his attempt to try both cases before this jury. Whetsel: I didn't bring it out. You brought it out." Brown: I don't know what I have done to bring it out, as I have raised every objection possible to keep this matter from being brought up before this jury. Court: Motion over-

ruled. Brown: Allow us an exception. Court: Exception allowed."

In our opinion it was error for the court to permit this testimony to be offered and that, under the circumstances of this case as above outlined, it was very prejudicial to the defendant and was one of the main reasons for her conviction. It will be noted from the above record that the case against the witness grew out of this same transaction, and the county attorney in the presence of the jury stated: "He was tried and convicted. I think he has appealed it." And the court stated in the presence of the jury: "It has been brought out here he was a public drunk." It appears that the case against her husband had not been finally decided but was still pending. Even if the witness had been previously convicted, the evidence would only be admissible for the purpose of affecting his credibility as a witness, and the jury should have been so instructed. Yet, no such instruction was given the jury at the time the evidence was admitted, or in the general instructions. It was certainly prejudicial where the evidence was so highly conflicting as in this case.

We have often held that it is improper to offer evidence that one has been charged with a crime, but a witness may, for the purpose of affecting his credibility as a witness, be asked if he has ever been convicted of a crime. Pryor v. State, 51 Okla. Cr. 345, 1 P. 2d 797; Gatewood v. State, 80 Okla. 135, 157 P. 2d 473; Graham v. State, 80 Okla. Cr. 159, 157 P. 2d 758.

The record further reveals that the county attorney on cross-examination of defendant asked her many questions which were incompetent, such as these:

"Q. You drink quite a lot, don't you Eva? (Objection made and overruled) A. No. * * * Isn't that quite

a habit of yours? (Drinking) (Objection made and overruled) A. No."

Mrs. Evelyn Webb was a witness for defendant, and the county attorney asked her:

"Q. You have a similar charge against you right now?"

The court sustained the objection to this question. The county attorney, in the presence of the jury, then stated:

"If the court please, I would like to make this observation. She says she has no personal interest in this case, but I would like to show that she has a personal interest in that she is charged with drunk driving now. Brown: I object to the question and remarks of the county attorney, which is the second attempt to ask improper questions of witnesses and to make prejudicial and inflammatory remarks in the presence of the jury against the defendant and her witnesses. Court: He can ask about the conviction. Brown: He did not ask about the conviction and I would like to have an exception to the ruling of the court. Court: Exception allowed. Brown: I move the court to strike the question and remarks of the county attorney and the court from the record. Court: Overruled. Brown: Allow us an exception. Court: Exception allowed. Brown: I move the court to instruct the jury not to consider the remarks of the county attorney or the improper questions for any purpose. Court: Motion overruled. Brown: Please allow us an exception. Court: Exception allowed. Q. Have you ever been convicted on a drunk driving charge? A. I haven't been convicted. Q. Do you know whether Mrs. Powell drinks very much or not?" (Exception sustained.)

All of these questions show a concerted effort on the part of the county attorney to inject into the case evidence that was incompetent and highly prejudicial to the defendant. We are not holding that these questions,

under all circumstances, would constitute reversible error, but under the facts in this case they were incompetent and highly prejudicial to the rights of the defendant, especially the remarks of the county attorney in the presence of the jury.

Defendant has raised a number of assignments of error which we will not discuss. One is that the defendant at the time she was charged was accompanied by her husband, and the presumption is that she was under duress from him, and therefore could not be charged individually.

This contention may not be sustained, for the reason that under all the facts in the case, it is conclusive that the wife was acting freely, and not under any subjection from her husband. Tit. 21 O.S. 1941 § 159.

In the event this case is retried, we desire to call attention to one other fact. No exception was taken to the instructions, and no requested instructions offered. Luellen v. State, 64 Okla. Cr. 382, 81 P. 2d 323 was a case involving the charge of driving a motor vehicle while under the influence of intoxicating liquor. We there presented an approved instruction defining when one would be considered "under the influence of intoxicating liquor." Since that time, most of the courts have given this instruction, or one of similar import, in cases of this character. We are of the opinion that the defining of this term, which is the very foundation of the offense charged, may be very helpful to the jury in arriving at a verdict in a case of this character. We suggest that if this case is retried, that either this instruction or one of similar import be given.

For the reasons above stated, the judgment of the county court of Pittsburg county is reversed, and the case remanded.

JONES, P. J., and BRETT, J., concur.