## HARRISON v. STATE.

No. A-11442. Oct. 24, 1951.

(240 P. 2d 459.)

As Corrected Feb. 19, 1952.

Brown Moore and Preston Moore, Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. John Howard Harrison was charged in the district court of Payne county on December 17, 1949, with the offense of operating a motor vehicle

in said county on September 17, 1949, while under the influence of intoxicating liquor, second offense. The jury found defendant guilty as charged in the information, but could not agree on the punishment. Trial was on January 30, 1950, and the verdict was returned the same day. On February 3, 1950, defendant filed a motion in arrest of judgment and for a new trial, which was overruled and defendant sentenced to serve one year in the State Penitentiary at McAlester.

The appeal was filed in this court May 29, 1950. On April 4, 1951, the case was assigned for oral argument for May 16, 1951. No appearance was made on behalf of the defendant at that time, and no brief has been filed.

In the petition in error, specification No. 3 reads:

"Error of the court in giving instruction No. 7, to which the plaintiff in error objected at the time, the objection being by the court overruled, and the ruling of the court the plaintiff in error excepted and exception was by the court allowed."

The record does not show that any objection was made to this instruction, which simply defines the term "under the influence of intoxicating liquor." In Powell v. State, 88 Okla. Cr. 404, 203 P. 2d 892, 896, this court said:

"We are of the opinion that the defining of this term [under the influence of intoxicating liquor], which is the very foundation of the offense charged, may be very helpful to the jury in arriving at a verdict in a case of this character. We suggest that if this case is retried, that either this instruction or one of similar import be given."

The reference is to the instruction approved by this court in Luellen v. State, 64 Okla. Cr. 382, 81 P. 2d 323. See, also, a similar approved instruction. in Drew v. State, 71 Okla. Cr. 415, 112 P. 2d 429.

Assigned error No. 4 is with reference to the action of the county attorney at the time set for sentencing the defendant, February 3, 1950. The county attorney offered a letter from the clerk of the United States District Court, showing that the defendant had been convicted in four cases in the United States Court. The defendant objected to the introduction, and the court properly sustained him. The court advised the county attorney that he could complete the record if he wished, by filing a response to the motion for new trial, and the court then proceeded to sentence defendant. The response was filed February 8, 1950. In a "Suggestion of Amendments to Case-made" filed by the county attorney on April 18, 1950, the county attorney states that he was granted leave of court to offer testimony for the consideration of the court in passing sentence on defendant. He sets out some four convictions of defendant in the Federal courts, and a number in Oklahoma state courts, all indicating that defendant is an habitual criminal. This request appears to have been denied. Presumably the error alleged received no consideration. 22 O. S. 1941 § 973 provides that written notice shall be given of any desire to offer additional testimony, and no such notice appears in the record.

Assigned error No. 5, and the only serious question involved, is with reference to a statement of the county attorney in his argument to the jury. The entire argument is not shown, but there is an affidavit in the record by the attorneys for the defendant, to the effect that the court reporter was out of the building at the time, but that the county attorney in argument to the jury said: "I never thought that a man would sink so low as not to be able to find one man who would come in here and swear as to his character." Exception was taken to this remark, and the court instructed the jury not to consider it, but attorneys for defendant contend it was highly prejudicial. The defendant did not

take the stand, and did not offer a single witness, and his character was not in evidence.

There is no conflict in the evidence. The state offered the testimony of three patrolmen who all swore that defendant was drunk, as did the jailer, and a man by the name of V. T. Scribner, in whose auto repair shop defendant's car was stored at the time he got it and drove away.

The evidence leaves no doubt as to the guilt of the defendant. It could not be seriously contended in view of the overwhelming evidence of the guilt of the defendant of the charge, that the remarks of the county attorney prejudiced him in the eyes of the jury, as the jury did not fix his punishment, but left same to the court. If the defendant had testified or had offered evidence and the evidence of guilt had been conflicting, we would feel constrained to reverse the case and grant the defendant a new trial, even though the trial court did instruct the jury not to consider the remarks in question. It is fundamental that defendant's character may not be put in issue unless he first introduces evidence of his good character. For an enlarged consideration of the subject, see Roberson v. State, 91 Okla. Cr. 217, 218 P. 2d 414, and cases cited.

The maximum punishment for the second offense charged was two years or a fine of $1,000, or by both such fine and imprisonment. 47 O.S. 1941 § 93. Certainly punishment fixed at one year on conviction of a second offense of operating a motor vehicle while under the influence of intoxicating liquor ordinarily would not be deemed excessive. And, as stated, the jury did not fix the punishment, but the same was fixed by the court. For the reasons already set out, the court struck the evidence offered by the prosecution as to defendant's long criminal record. And the presumption is that the court in arriving at the amount of the punishment to be assessed considered only the evidence that was competent and admissible, and disregarded incompetent evidence which was offered and rejected, as well as the recited prejudicial remarks of the county attorney. Herren v. State, 74 Okla. Cr. 432, 127 P. 2d 384.

It is worthy to note that here the defendant was not involved in a traffic accident, but had the record of defendant's prior convictions been properly before the court as provided by 22 O. S. A. 1941 § 973, in spite of this fact, objection to the punishment as being excessive would not be tenable. But by reason of the matters set out, and in the interest of justice, it is our belief that justice would best be served by modification of the judgment and sentence from one year in the State Penitentiary, to six months in the State Penitentiary, and as so modified, the judgment is affirmed.

BRETT, P. J., and JONES, J., concur.