Jake WILLIAMS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13123.

Court of Criminal Appeals of Oklahoma.

May 23, 1962.

Sid White, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Plaintiff in Error, hereinafter referred to as defendant, was charged by information with the commission of the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor on the 27th day of June, 1960, in Oklahoma County.

Thereafter, the defendant stood trial in the Court of Common Pleas of Oklahoma County, Oklahoma, was convicted and his punishment fixed at imprisonment in the county jail for a period of twenty days.

Timely appeal was perfected by the defendant who alleged several assignments of error. However, on his appeal, the defendant argues only one assignment of error. Defendant contends that the information is insufficient to charge the plaintiff in error with a public offense or to confer jurisdiction upon the court.

That part of the information which the defendant attacks reads as follows:

"That is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully and wrongfully run, drive and operate a 1950 Dodge Sedan; motor vehicle, bearing 1960 Oklahoma License No. 1-159158, from an unknown point to a point on East 10th Street at the City limits of Oklahoma City, in said county and state, while under the influence of intoxicating liquor.

The tests of sufficiency of an information were propounded by this court in Argo v. State, 88 Okl.Cr. 107, 200 P.2d 449. In that case, the court said:

"The gist of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. Moreover, an information that informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense, is sufficient."

Title 47 O.S.1951 § 93, prohibits the intoxicated person as follows:

"To operate or drive a motor vehicle on any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or any thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic of the passage of vehicles within this State * * *."

Thus there are three essential elements which must be alleged in the information charging the crime of operating a motor vehicle while under the influence of intoxicating liquor under Title 47 O.S. § 93. These elements are: (1) The driving of a motor vehicle, (2) while under the influence of intoxicating liquor, and (3) on a public way as defined in the statute. When any one of these three essential elements are omitted from the information, it is fatally defective.

In the case at bar, there appears to be no question that the information alleges the first and second essential element above set forth. Therefore the issue in-

volved in the case at bar is whether or not the information alleges the third essential element above described.

In support of his argument that the information is insufficient, defendant cites the case of Chandler v. State, 96 Okl.Cr. 344, 255 P.2d 299–300. In that case, the information alleged that the defendant:

> "* * * did then and there wilfully, unlawfully and wrongfully, run, drive and operate a 1936 Ford Coupe * * * at and upon Guthrie Short Cut, from an unknown point to a point ½ mile north of N. E. 23rd Street, adjacent to Oklahoma City * * *."

In holding the information was insufficient, the Court said:

> "An allegation that one drove at and upon a short cut to or from Guthrie 'from an unknown point to a point ½ mile north of N. E. 23rd Street, adjacent to Oklahoma City', obviously might mean any number of routes over private property not open to the public. Likewise, the allegation in the information that the defendant drove in and upon 'Guthrie Short Cut' while limiting the travel to a particular short cut, even so it could have been through private property not open to public travel at the point in question. And while such possibility is perhaps slight, there is too much speculation to meet the requirements of the statute."

Such is not the situation in the case at bar. In the instant cause the defendant is charged with driving the motor vehicle "from an unknown point to a point on East 10th Street at the City Limits of Oklahoma City. * * *"

In Raper v. State, 96 Okl.Cr. 18, 248 P.2d 267, the information alleged that the car involved was driven "to a point on Highway 271, ½ mile from the west edge of the City of Hugo." In upholding the sufficiency of the information, the court in Raper v. State, supra, said:

> "If the car was driven on the highway at the point alleged the further

inquiry suggested by counsel for the defendant as to 'what point' was not an essential element of the crime which required proof. Whether at the edge of the roadbed proper or in the middle is immaterial. For the vehicle to get to a point on the highway would necessitate either driving along the roadbed proper or traversing the shoulder coming in from an angle, or even crossing the highway in order to reach any point on Highway 271 at the location alleged, and would under any circumstances traverse ground open to the public."

We are in accord with the views expressed by the court in Raper v. State, supra.

While the information may not be a model of clarity, we believe that it is sufficient to meet the tests set forth in Argo v. State, supra.

For the reasons above set forth, the judgment and sentence of the trial court is affirmed.

NIX, P. J., and BRETT, J., concur.