**William Robert PERRY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–717.**

Court of Criminal Appeals of Oklahoma.

March 3, 1977.

W. L. Funk, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, William Robert Perry, hereinafter referred to as defendant, was charged by information with the crime of Driving Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902(a), second and subsequent offense. The defendant was tried in a two-stage proceeding before a jury in the Oklahoma County District Court. The defendant was convicted and sentenced to one (1) year imprisonment and a fine of One Thousand Dollars ($1,000.00), pursuant to 47 O.S.1971, § 11–902(c). From said judgment and sentence, defendant has perfected this timely appeal.

The facts of the case pertinent to this appeal are summarized as follows:

Oklahoma City Police Officer Jim Fitzpatrick observed the defendant commit what the officer believed to be a traffic violation. He stopped the defendant's truck on North May Avenue, north of West Reno. The officer testified that the defendant had an odor of an alcoholic beverage about his person and that the officer discovered a partially consumed beer can on the floorboard of the truck. Once advised that he was under arrest and of his rights, defendant chose to submit to a chemical test of his blood to determine its alcohol content. At St. Anthony Hospital following the proper statutory procedure, blood was withdrawn from the defendant for this purpose. The defendant was given a sample also. The State's sample was analyzed by Melvin R. Hett, a forensic chemist for the Oklahoma City Police Department. Mr. Hett testified that he held permit no. 14 issued by the Board of Chemical Tests for Alcoholic Influence. He testified that he used an approved method and determined that the blood sample showed a blood alcohol level of .11% by weight. The defendant took his sample to the Medical Arts Laboratory to be analyzed. Mr. Thomas M. Reynolds, a clinical chemist for the laboratory, testified that he used an approved method and determined the alcohol content of the blood. However, before Mr. Reynolds could testify as to what his findings were, the prosecution voir dired him concerning the permit to analyze blood for alcohol content required by 47 O.S.1971 § 759. When Mr. Reynolds testified that he did not have a permit, the prosecution's objection to the admission of the test results was sustained. The defendant made an offer of proof which was overruled. The defendant was convicted by the jury and this appeal followed.

The defendant's only assignment of error is that the trial court erred in excluding the testimony of defendant's witness, merely because the witness did not have a permit issued by the Board of Chemical Tests for Alcoholic Influence. In order to consider this appeal, we must examine the statutes concerning chemical tests in the Motor Vehicle Laws of the State of Oklahoma.

Title 47, Oklahoma Statutes, 1971, § 752 provides for the withdrawal of blood specimens, and provides that the person tested may receive a sample, withdrawn at the same time. The statute further provides that the person tested may take his sample to a qualified chemist for analysis. Section 759 purports to regulate what persons are qualified to conduct such a test. Title 47, Oklahoma Statutes, 1971, § 759 reads:

"There is hereby established the Board of Chemical Tests for Alcoholic Influence, to be composed of the Dean of the University of Oklahoma School of Medicine, or his designate who shall receive his appointment in writing, as Chairman, and the State Commissioner of Public Safety, the Director of the State Bureau of Investigation, the State Commissioner of Public Health, and the Director of the Southwest Center for Law Enforcement Education at the University of Oklahoma, as members, to serve without pay other than necessary and actual expenses. Chemical analysis of the person's blood or breath to be considered valid under the provisions of this act shall have been performed

according to methods approved by the Board of Chemical Tests for Alcoholic Influence and by an individual possessing a valid permit issued by the Board for this purpose. The Board of Chemical Tests for Alcoholic Influence is authorized to approve satisfactory techniques, methods, and equipment for chemical tests for alcoholic influence, to ascertain the qualifications and competence of individuals to conduct such tests, and to issue permits which shall be subject to termination or revocation at the discretion of said Board."

The statute in question here directs that for a chemical test of blood to be valid under this act, it must have been performed through the use of an approved method; additionally, the statute requires that the individual who actually performs the test must possess a valid permit for this purpose, issued by the Board. In the instant case, the court applied the statute as meaning that the results of the tests performed by persons not possessing the required permit are inadmissible as evidence.

We note from the trial transcript that the only persons who possess said permits are chemists involved in law enforcement work; there are thirteen licensed under the statutes. As a practical matter, there is no place where a suspect may have his blood sample analyzed in order to rebut the State's analysis, under this application of the statute.

■ We feel that possession of such a permit would be good evidence of a witness' qualifications, but absence of the permit is no real indication that the witness is not qualified to perform the test. We follow the view that whether or not to allow a witness to testify as an expert is within the discretion of the trial court. See, *Box v. State*, Okl.Cr., 541 P.2d 262 (1975).

A physician, chemist, medical technologist, biologist, biochemist, toxicologist or a person with similar training or experience is ordinarily qualified as an expert in conducting scientific tests to determine the alcoholic content of blood and in interpreting the results of such tests. See, III Wharton's Criminal Evidence § 591. Under the trial court's application of the statute, the chemist for the DuPont Company who developed and perfected the latest method approved by the Board, would not be permitted to testify as an expert. Rather, the test he had run would not be considered valid evidence because he did not possess the required permit.

■ The Court's application of this statute prevented the defendant from presenting testimony which would have controverted that of the State; and, that testimony if believed by the jury would have allowed the jury to find defendant guilty of a lesser included offense.

■ We note from the record that the defendant's offer of proof shows a blood alcohol content of .06%. This evidence, coupled with the testimony of the arresting officer that the defendant appeared intoxicated at the time of his arrest is sufficient we feel, to support a conviction for the lesser included offense of Driving While Impaired, 47 O.S.Supp.1972, § 756(b).

For all of the foregoing reasons, judgment is MODIFIED to Driving While Impaired and sentence is MODIFIED to a fine of Three Hundred Dollars ($300.00).

BUSSEY, P. J., concurs in results.

BLISS, J., concurs.