George STANFIELD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–498.

Court of Criminal Appeals of Oklahoma.

March 27, 1978.

Don Shaw, Idabel, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, George Stanfield, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, McCurtain County, Case No. CRF–76–186, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, Second and Subsequent offense, in violation of 47 O.S.1971, § 11–902. His punishment was fixed at one (1) year imprisonment and a fine of One Dollar ($1.00), and from said judgment and sentence an appeal has been perfected to this Court.

At the trial Trooper Roger Crank testified that he first observed the defendant on November 16, 1976, at approximately 6:00 p. m., when the defendant was stopped for a drivers license check. He smelled alcohol about the defendant's person and advised the man to go home and get off the road. Trooper Crank then observed the defendant later that evening on a county road north of Garvin, Oklahoma. He was driving at an extremely low rate of speed, and his car weaved from one side of the road to the other and at one time went into the bar ditch. The trooper stopped the defendant and asked him to get out of his car. He was unsteady on his feet and had a strong odor of alcoholic beverage on his breath. In addition his speech was slurred and his eyes were glassy. Trooper Crank testified that in his opinion the defendant was intoxicated.

Pauline Horton testified that she observed the defendant on the evening of November 16, 1976, in the emergency room of McCurtain Memorial Hospital. She smelled alcohol on his person, and she observed that the defendant was unsteady on his feet and was talking in a loud and fast manner.

Roy Wiggins testified that he observed the defendant at the sheriff's office on November 16, 1976, and he noted the defendant's unsteady stance, impaired speech and belligerent manner. In Wiggins' opinion the defendant was intoxicated.

The defendant testified that he was a disabled war veteran, discharged due to hypertension and a back injury. He alleged that on the day in question he consumed two beers, one at around 7:00 p. m. and the second at approximately 8:30 p. m. Earlier that day he had taken two aspirin, a high blood pressure tablet and a Librium tablet. He denied being under the influence of intoxicating liquor and that his driving abilities were impaired. He testified that he was weaving to avoid holes in the road.

Jess Stanfield, the defendant's brother, testified that the defendant came to his home on the afternoon of November 16, 1976; and that he remained there until some time after 9:00 p. m. Jess observed his brother drink only two twelve-ounce cans of beer.

Trooper Roger Crank was recalled, and testified that the defendant was written a citation at 10:55 p. m. He further testified that there was nothing unusual about the condition of the road and that it was, in fact, better than some of the other roads in the area.

The defendant asserts in his first assignment of error that the trial court erred in overruling his Demurrer to the State's evidence. He argues that the State failed to introduce competent evidence concerning the degree of his intoxication, and thus failed to prove that his ability to operate his car was affected to any appreciable degree. We are of the opinion that this assignment of error is wholly without merit. Trooper Crank testified that he observed the defendant's car weaving from one side of the road to the other and saw it go into the bar ditch. Trooper Crank, Pauline Horton and Roy Wiggins all testified that they smelled alcohol about the defendant's person, and that he was unsteady on his feet. Both Trooper Crank and Roy Wiggins testified that in their opinions the defendant was intoxicated. We have previously held that expert testimony is not required concerning the fact of intoxication or sobriety. See *Britton v. State,* Okl.Cr., 467 P.2d 527 (1970). The jury was properly instructed by the trial court as to the definition of "Under the Influence of Intoxicating Liquor" in Instruction No. 6, which stated:

"You are instructed that the term 'under the influence of intoxicating liquor' as used in this case describes a condition in which intoxicating liquor has so far affected the nervous system, brain or muscles of the driver as to impair, to an appreciable degree, his ability to operate his vehicle in the manner that an ordinary, prudent and cautious man, in full possession of his faculties, using reasonable care, would operate or drive under like conditions."

Although the evidence of the defendant's intoxication was conflicting, there was sufficient competent evidence in the record that the jury could have reasonably concluded that the defendant was "under the influence of intoxicating liquor."

The defendant finally contends that the trial court erred in admitting a transcript of the proceedings in his prior conviction, for the reason that it was not the best evidence to prove that he was represented by legal counsel at the time of his former conviction. He argues that the transcript should have been inadmissible because it was not filed in the court file of the previous conviction. We must respectfully disagree.

In *Farrar v. State,* Okl.Cr., 505 P.2d 1355 (1973), we stated:

"This court stated in *Harris v. State,* Okl. Cr., 400 P.2d 64 (1965), quoting *Exleton v. State,* 30 Okl.Cr. 224, 235 P. 627 (1925):

" 'It is not an essential prerequisite that a transcript of the evidence taken at a preliminary trial be filed with the court clerk in order to render it admissible in evidence, when otherwise competent and material.' "

"The defendant also cites 12 O.S.1961, § 448, but that section is not material to this case and has to deal with civil not criminal actions. Therefore, we find that the testimony of the witness by transcript was proper and that it was not necessary for the transcript to have been filed with the court clerk in order to be admissible at trial."

The transcript in the instant case, which reflected that the defendant was represented by counsel, was clearly both competent and material, and was properly admitted into evidence by the trial court.

In conclusion, we observe that the record is free of any error which would cause reversal or justify modification. The judgment and sentence is, accordingly, AFFIRMED.

CORNISH and BRETT, JJ., concur.