James Jeremiah BAILEY, a/k/a James
J. Bailey, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–647.

Court of Criminal Appeals of Oklahoma.

Aug. 18, 1981.

Rehearing Denied Sept. 3, 1981.

Joseph E. McKimmey, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., C. Elaine Alexander, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

James Jeremiah Bailey, appellant, appeals to this Court from the judgment and sentence rendered against him in Pottawatomie County District Court, Case No. CRF–78–352. He was convicted in that case of Driving While Under the Influence of Intoxicating Liquor, second or subsequent offense, in violation of Laws 1978, ch. 108, § 1, now 47 O.S.Supp.1980, § 11–902, and was sentenced to five (5) years' imprisonment.

The appellant contends as his first assignment of error that the trial court erred in refusing to submit a jury instruction on Operating a Motor Vehicle While Ability is Impaired, Laws 1978, ch. 109, § 1, now 47 O.S.Supp.1980, § 761, an alleged lesser included offense of Driving While Under the Influence, 47 O.S.Supp.1980, § 11–902, under *Jackson v. State*, 554 P.2d 39 (Okl.Cr. 1976). See also *Perry v. State*, 561 P.2d 112 (Okl.Cr.1977); *Wren v. State*, 556 P.2d 1308 (Okl.Cr.1976); and *King v. State*, 556 P.2d 1306 (Okl.Cr.1976). In *Jackson*, an opinion concurred in by this author, this Court emphasized that part of Laws 1972, ch. 192,

§ 1, now 47 O.S.Supp.1980, § 756, which provides that:

   ... (b) evidence that there was more than five-hundredths (⁵⁄₁₀₀) of one percent (1%) by weight of alcohol in the person's blood is relevant evidence of operating a motor vehicle while his ability to operate such a motor vehicle is impaired by the consumption of alcohol or intoxicating liquor; ... (c) evidence that there was ten-hundredths (¹⁰⁄₁₀₀) of one percent (1%) or more by weight of alcohol in his blood shall be admitted as prima facie evidence that the person was under the influence of alcohol or intoxicating liquor; ....

It was concluded that the State must of necessity establish operating while impaired before it can prove driving under the influence.

However, an important caveat in this statute may be noted:

   ... [N]o person shall be convicted of the offense of operating a motor vehicle while his ability to operate such vehicle is impaired by consumption of alcohol or intoxicating liquor solely because there was more than five-hundredths (⁵⁄₁₀₀) of one percent (1%) by weight of alcohol in the person's blood in the absence of additional evidence that such person's driving was affected by said consumption of alcohol to the extent that the public health and safety was threatened or that said person had violated a state statute or local ordinance in the operation of a motor vehicle.

See 47 O.S.Supp.1980, § 756(b). No such requirement is stated for Driving Under the Influence. See 47 O.S.Supp.1980, § 756(c).

In *Armstrong v. State*, 300 P.2d 766 (Okl. Cr.1956), this Court noted that less than .05% blood alcohol content indicates that one is not under the influence, while .15% or more supports the opposite conclusion; a blood alcohol level of be-

tween .05% and .15% was said to constitute evidence to be received with other testimony bearing on the issue. The Legislature later adopted a blood alcohol test results law, substantially identical to *Armstrong*; middle range (.05 to .15%) test results were declared to be relevant evidence of Driving While Under the Influence, though not entitled to prima facie effect. See Laws 1967, ch. 86, § 6. However, in 1972, the statute was amended so that results in the middle range were relevant evidence of the newly created offense of Driving While Impaired, which must be coupled with evidence of bad effects on public safety in order to support a conviction. See 47 O.S.Supp.1980, § 756, and 47 O.S.Supp.1980, § 761.

When a driver has a relatively high level of alcohol in the bloodstream (.10% or more) the crime of Driving While Under the Influence is prima facie complete. A relatively lower level of blood alcohol content (.05% or more) may constitute evidence of a second offense, Operating While Impaired, when coupled with additional evidence that the driver's ability to safely operate a vehicle was actually, demonstrably, adversely affected.

■ It thus appears that the commission of Operating While Impaired, 47 O.S.Supp. 1980, § 761, is not necessarily included in the commission of Driving Under the Influence, 47 O.S.Supp.1980, § 11–902(a), the former requiring proof of an element not required by the latter. See 22 O.S.1971, § 916. *Jackson v. State*, supra, is overruled to the extent inconsistent herewith.

■ The appellant contends as his second assignment of error that the trial court erred in failing to give the instruction on the definition of "under the influence" approved by this Court in *Luellen v. State*, 64 Okl.Cr. 382, 81 P.2d 323 (1938).[1] See *Stan-*

---

1. The court stated in the third Syllabus:

   A fair and reasonable definition of the term 'under the influence of intoxicating liquor' as used in the above section of the statute is 'That if intoxicating liquor has so far affected the nervous system, brain or muscles of the driver of an automobile as to impair, to an

appreciable degree, his ability to operate his car in the manner of an ordinarily prudent and cautious man, in the full possession of his faculties, using reasonable care, would operate or drive a similar vehicle under like conditions, then such driver is 'under the

*field v. State*, 576 P.2d 772 (Okl.Cr.1978); *Evans v. State*, 312 P.2d 908 (Okl.Cr.1957); *King v. State*, 305 P.2d 589 (Okl.Cr.1956); and *Harrison v. State*, 95 Okl.Cr. 123, 240 P.2d 459 (1952). However, this contention is raised for the first time on appeal. No cases are cited wherein a conviction was reversed for failure of the court to give such an instruction on its own motion. See *Powell v. State*, 88 Okl.Cr. 404, 203 P.2d 892 (1949) and *People v. Ekstromer*, 71 Cal.App. 239, 235 P. 69 (1925), relied on by this Court in *Luellen*. This assignment of error was not properly preserved for appellate review. There appearing no error in the record which would justify modification or reversal, the judgment and sentence appealed from is accordingly Affirmed.

BRETT, P. J., dissents.

CORNISH, J., concurs.

BRETT, Presiding Judge, dissenting:

I dissent to the overruling of *Jackson v. State*, 554 P.2d 39 (Okl.Cr.1976).

There are two penal statutes dealing with the effects of alcohol on motor vehicle operators. Laws 1978, ch. 108, § 1, now 47 O.S.Supp.1980, § 11–902 prohibits driving while under the influence of intoxicating liquor. Laws 1978, ch. 109, § 1, now 47 O.S.Supp.1980, § 761, prohibits driving while one's ability is impaired by the consumption of alcohol. The punishment for driving while impaired is less than the punishment for driving under the influence. A common-sense analysis suggests that driving while impaired is a lesser included offense of driving under the influence; that the issue which separates the two crimes is the question of how much the operator was affected by the alcohol consumed. And, a correct legal analysis leads to the same result.

Laws 1972, ch. 192, § 1, now 47 O.S.Supp. 1980, § 756, pertains to both driving under the influence and driving while impaired. The history of the legislation shows the connection. Section 11–902, supra, was first passed in 1961 [1] as a part of the Highway Safety Code. In 1967 the State Legislature passed an act providing for blood-alcohol tests.[2] The test results were ranged as follows: A test result showing a blood-alcohol level of 0.05% or lower was prima facie evidence that the person was not under the influence of alcohol. A result of 0.15% or higher was prima facie evidence that the person was under the influence. And, a result greater than 0.05% but less than 0.15% was relevant evidence of how the person was affected, but would not establish a prima facie case either way. Title 47 O.S.1971, § 756.

In 1972, the Legislature passed another act pertaining to this area.[3] It had the following title:

An Act relating to Motor Vehicles; amending 47 O.S.1971, § 756; providing that in a trial of criminal actions the results of chemical tests will be *relevant evidence of whether a person was operating a motor vehicle while his ability was impaired OR while under the influence of alcohol*; providing that it is unlawful to operate a motor vehicle while a person's ability is impaired by the consumption of alcohol; providing for penalty and suspension of driver's license; providing such violation shall not be bondable. (emphasis added)

The second section of this Act provided punishments for the offense of driving while impaired. The first section made certain changes in the provisions for blood test results: A result of 0.05% or lower is still prima facie evidence that the person is not under the influence. A result of 0.10% (down from 0.15%) or higher is still prima

---

influence of intoxicating liquor' within the meaning of the statute.

1. Laws 1961, p. 386, § 11–902. The section also prohibits driving while under the influence of drugs, but that area of the statute is not relevant to the present case.

2. Laws 1967, ch. 86, codified as 47 O.S.1971, §§ 751–760.

3. Laws 1972, ch. 192, now 47 O.S.Supp.1980, §§ 756 and 761.

facie evidence that the person is under the influence. Finally, a result in between is still relevant evidence of how the person is affected. But now, instead of being relevant evidence of whether the person is under the influence, it is relevant evidence of the new offense of operating a motor vehicle while impaired.

And the Legislature has added the language upon which the majority opinion seizes:

> ... however, no person shall be convicted of the offense of operating a motor vehicle while his ability to operate such vehicle is impaired by consumption of alcohol or intoxicating liquor solely because there was more than five-hundredths (⁵⁄₁₀₀) of one percent (1%) by weight of alcohol in the person's blood *in the absence of additional evidence* that such person's driving was affected by said consumption of alcohol to the extent that the public health and safety was threatened or that said person had violated a state statute or local ordinance in the operation of a motor vehicle: ...

I do not read this language as requiring an additional element of proof for the offense of driving while impaired. I believe the elements of both driving while impaired and driving under the influence are that the person was (1) operating a motor vehicle, (2) on a public street, highway or parking lot, (3) while affected by alcohol.[4] The difference between the two offenses is the extent to which the person was affected.

When the cited language of Section 756 is read in the light of the legislative history and the title of the Act, it is clear that the Legislature was emphasizing that the blood-alcohol level alone would not establish a prima facie case of driving while impaired. In cases involving drinking while driving, the burden on the State is to establish that the accused was affected by alcohol. The Legislature has provided that if the blood-alcohol level is sufficiently high, the State can merely present the test results and rest. And, the Legislature has provided that for a lower level of blood-alcohol, the State must present additional evidence before it can rest.

The erroneous ruling of law made by the majority seems to stem from the mistaken premise that chemical tests are the only way by which the level of intoxication can be proved. Title 47 O.S.1971, § 757, makes clear that any competent bearing on the question may be introduced. Compare *England v. State*, 560 P.2d 216 (Okl.Cr. 1977); *Stanfield v. State*, 576 P.2d 772 (Okl. Cr.1978), and *Harris v. The City of Tulsa*, 589 P.2d 1082 (Okl.Cr.1979). All of these people were convicted of driving while under the influence without any evidence of blood-alcohol tests.

Driving while impaired *is* a lesser included offense of driving under the influence. *Jackson v. State*, supra, so holds, and it should not be overruled.

---

4. Title 47 O.S.Supp.1980, §§ 11–101 and 11–902. Compare *Williams v. State*, 372 P.2d 237 (Okl.Cr.1962) (ruling on an earlier statute).