Larry D. BERNHARDT, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–84–424.

Court of Criminal Appeals of Oklahoma.

May 27, 1986.

Avery A. Eeds, Jr., Kingfisher, for appellant.

Michael C. Turpen, Atty. Gen., and Tomilou Gentry Liddell, Deputy Chief, Criminal Div., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Larry D. Bernhardt, was tried by jury for the crime of Driving Under the Influence of Intoxicating Liquor, in the District Court of Kingfisher County, Case No. CRM-83-424. The jury returned a verdict of guilty and set punishment at sixty (60) days imprisonment and a $500 fine. The trial court sentenced the appellant in accord with the jury's verdict. From this judgment and sentence, the appellant has perfected his appeal to this Court. We reverse the conviction herein, and remand the case for a new trial.

In his second assignment of error, the appellant alleges the trial court erred in its refusal to instruct the jury on the definition of the elements "under the influence" and "with impaired ability." The Information charged appellant with driving under the influence of intoxicating liquor. 47 O.S. 1981, § 11-902. The trial court also instructed the jury on the offense of Operating a Motor Vehicle While Impaired, 47 O.S.1981, § 761, but refused requested instructions on the definition of the aforementioned terms so as to distinguish between the two offenses. It is now argued that no error occurred because the charge of Driving While Impaired is not necessarily an included offense of Driving Under the Influence. We do not agree.

■ In 1981, this Court, in *Bailey v. State*, 633 P.2d 1249 (Okl.Cr.1981), overruled our prior decision in *Jackson v. State*, 554 P.2d 39 (Okl.Cr.1976), which held the offense of Driving While Impaired to be a lesser included offense to the crime of Driving Under the Influence. Judge Brett entered a dissent to the *Bailey* opinion, in which he claimed a "common sense analysis suggests that driving while impaired is a lesser included offense of driving under the influence." *Bailey v. State*, 633 P.2d 1249, 1251 (Brett, P.J., dissenting). Today, after careful reconsideration of this issue, we return to our previous holding that the crime of Driving While Impaired is a lesser included offense to Driving Under the Influence, for the reasons set out in Judge Brett's dissent in *Bailey v. State, id.* at 1251-52.

■ Accordingly, we determine that the trial court erred in failing to define these terms, upon the request of the appellant. In *Williams v. State*, 97 Okl.Cr. 229, 263 P.2d 527 (1953), this Court held the better practice is to define the term "under the influence," although failure to define the term does not constitute error in the absence of a requested instruction from defense counsel. *Id.* 263 P.2d at 534. Reference is made in *Williams* to *Luellen v. State*, 64 Okl.Cr. 382, 81 P.2d 323 (1938), in which this Court held that a definitional instruction should be given in drunk driving cases, especially if it is requested by the defendant. *Id.* 81 P.2d at 324, Syllabus No. 4. Finally, in *Phenis v. State*, 76 Okl.Cr. 156, 135 P.2d 62 (1943), this Court reversed a drunk driving conviction, citing as one reason the failure of the trial court to give the definitional charge. We conclude, therefore, that instructions defining the terms "under the influence" and "with impaired ability" must always be given.

The rationale behind this rule is simple: These terms, particularly the term "under the influence," are not terms of common understanding or knowledge.[1] As this Court explained in *Luellen*, the legal standard, "under the influence" is

---

1. *See Oklahoma Uniform Jury Instructions—Criminal*, No. 622, which sets out the legal definition of "under the influence" under Oklahoma law. *Standfield v. State*, 576 P.2d 772 (Okl.Cr.1978); 47 O.S.1981, § 11-902. *Oklahoma Uniform Jury Instructions—Criminal*, No. 622 also defines the term "impaired ability," if driving while impaired is submitted as a lesser included offense of driving under the influence.

the very gist of the crime. Without it being defined one juror may construe it to mean that a party must be "drunk", another that he be "completely out" and devoid of reason, another may construe it to mean that if it is proven that he has taken one drink that he is therefore "under the influence of intoxicating liquor."

*Supra* 81 P.2d at 328. We further explained in *Phenis v. State:*

There is a great divergence of opinion among jurors as to what facts it takes to constitute one being under the influence of intoxicating liquor. If it is necessary to define the term "murder" when one is charged therewith, certainly it should be necessary to define what is meant by the term "under the influence of intoxicating liquor", when one is so charged.

*Supra* 135 P.2d at 65. The term "under the influence" should always be defined in the instructions, as should the term "impaired ability," when that offense is submitted as a lesser included offense to driving under the influence.

■ The State also asserts the trial court acted properly in denying the requested instructions because these proposed instructions were not taken from the *Oklahoma Uniform Jury Instructions— Criminal.* However, it is apparent that the instructions in question, though improper in form, directed the trial court's attention to the material issue presented. In such a circumstance, it became incumbent on the trial judge to prepare corrected instructions on the issue thus presented. *See Nelson v. State,* 288 P.2d 429 (Okl.Cr. 1955); *Crossett v. State,* 96 Okl.Cr. 209, 252 P.2d 150 (1952); *Robison v. United States,* 4 Okl.Cr. 336, 111 P. 984 (1910).

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is REVERSED and REMANDED for a new trial.

BRETT, J., concurs.

BUSSEY, J., dissents.