Jimmy W. LASHLEY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–86–535.

Court of Criminal Appeals of Oklahoma.

July 1, 1988.

Jim H. Heslet, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Jimmy W. Lashley, was tried by jury in Craig County District Court, Case No. CRM–86–20, and convicted of Driving Under the Influence of Intoxicating Substance (47 O.S.Supp.1985, § 11–902), before the Honorable David A. Box, Special District Judge. The jury set punishment at nine (9) months imprisonment and a one-thousand dollar ($1,000) fine. Judgment and sentence was imposed in accordance with the jury's verdict. We reverse and remand for a new trial.

Appellant was arrested on January 26, 1986, on the Will Rogers Turnpike for DUI. The State's evidence consisted of the testimony of three police officers, who said that appellant smelled of alcohol, had slurred speech, could not walk straight and had bloodshot eyes. Appellant testified that he had consumed some beer earlier on a return trip from Kansas City, but that he was not intoxicated at the time he was stopped. Just before he was stopped and arrested, his daughter had fallen off a console in his vehicle, and he was attempting to attend to her needs and drive at the same time. He smelled of alcohol because his daughter had been handling what was thought to be an empty beer can and had spilled some beer on him. He staggered when he got out of the vehicle because of his bad back. Appellant's wife testified that appellant had been driving all night and that there was some beer in the vehicle, but it had become warm by the time appellant was stopped. She essentially corroborated appellant's testimony.

In his second assignment of error, appellant urges that the trial court committed reversible error in not giving an instruction permitting the jury to consider the lesser included offense of driving while impaired. We agree.

In *Bernhardt v. State*, 719 P.2d 832, 833 (Okla.Crim.App.1986), a majority of this Court overruled *Bailey v. State*, 633 P.2d 1249 (Okla.Crim.App.1981), and, relying on Judge Brett's dissent in *Bailey*, returned to our previous ruling in *Jackson v. State*, 554 P.2d 39, 43 (Okla.Crim.App.1976), that driving while impaired is a lesser included offense of driving under the influence of intoxicating liquor. A defendant is entitled to have a jury instructed on the lesser included offense of driving while impaired where it is supported by the evidence. *Jackson*, 554 P.2d at 43. " '[W]here this court is of the opinion, in the light of the entire record and the instructions given, that the court has failed to instruct the jury upon some material question of law and where [an] accused has [thereby] been deprived of a substantial right, the case will be reversed.' " *Id.* (quoting *Dixon v. State*, 545 P.2d 1262, 1264 (Okla.Crim.App. 1976)). The question of whether appellant was intoxicated or merely impaired was a question of fact for the jury's determination upon proper instructions.

Accordingly, the judgment and sentence is REVERSED and REMANDED for a new trial.

Brett, P.J., concurs.

Bussey, J., dissents.